SIMONTON, respondent, *v.* KELLY et al., appellants.

PRACTICE — *taking of exceptions — presumption of time and manner.* This
court will presume that exceptions were taken at the proper time, and in
the proper manner, if the record shows that a party "duly excepted" to
the refusal of the court below to give instructions.

PRACTICE — *general exception not regarded.* A general exception which does
not point out the particular error complained of will be disregarded if a
part of the instructions is correct.

EVIDENCE — *proof of special contract.* A party who brings an action upon a
special contract cannot recover, if he does not establish the contract, as
alleged in his complaint, and prove that he has complied with its terms.

*Appeal from the Third District, Lewis and Clarke County.*

SIMONTON brought this action in April, 1870, to recover
$950, and interest, and have a decree for the sale of certain
premises. The case was tried in April, 1870, in the district
court, SYMES, J., and the jury returned a verdict for
Simonton. The facts are stated in the opinion.

E. W. & J. K. TOOLE, for appellants.

The evidence and verdict show that respondent did not
perform the conditions of the contract on his part. The
court instructed the jury to find upon a *quantum meruit.*

This was error. The court refused to instruct the jury that they could not find for respondent, except they found a contract as charged. A party cannot sue upon a special contract, and recover upon a *quantum meruit.*

CHUMASERO & CHADWICK, for respondent.

No exceptions are saved to the instructions except a general one to all. This court cannot notice such exceptions. The errors assigned in appellant's brief are not set forth in his motion for a new trial, and cannot be assigned for the first time in this court.

The question at issue related to the contract between the parties as stated in the complaint. The evidence was conflicting, but the jury determined the issue in favor of respondent.

KNOWLES, J. This is an action to foreclose a mechanic's lien. The fact as to the amount due the plaintiff was submitted to a jury.

The complaint contains the following averment: "Plaintiff alleges that from the 20th day of June, A. D. 1869, to the 15th day of August, at the special instance and request of the said defendant Henrietta Kelly, and by virtue of an agreement and contract made with her, this plaintiff furnished materials and performed labor, which said agreement amounted to the sum of $1,500, and was reasonably worth said amount."

From this averment there might be some doubt whether the plaintiff intended to declare on a special contract or on a *quantum meruit.* The defendant, in her answer, puts in issue this allegation as though it was an averment on a special contract. The only testimony offered by the plaintiff upon this issue is as follows:

"I agreed with her to furnish all the carpenter work, painting and glazing for her building for the sum of $1,500. She agreed to this, and it was further agreed that she should pay this by the 15th of August, 1869, and, if she failed to pay at this time, then was to pay interest thereon."

This was evidence given by the plaintiff himself. No evidence whatever was introduced to show the reasonable value of the labor and materials furnished. The second instruction given by the court reads as follows:

"This is an action to prove an express contract for labor and materials furnished by plaintiff to the defendants, and if the jury find, from the evidence, that plaintiff has complied with his contract, he is entitled to recover the contract price for such labor and materials furnished, deducting any payment."

Taking the allegations of the complaint and answer, together with the evidence and this instruction, and the conclusion is inevitable that this was treated as an action on a special contract.

The defendants offered the following instructions, which were refused:

1. "If the jury believe, from the evidence, that the plaintiff made a special contract with defendant Henrietta Kelly to do the carpenter work upon her building, and that plaintiff failed to perform said work according to the terms of his contract, then they will find for the defendant."

2. "If the jury believe, from the evidence, that there was no special contract between plaintiff and defendant, Henrietta Kelly, they will find for defendant."

3. "If the jury believe, from the evidence, that the plaintiff agreed to do the defendant a good job in a good workmanlike manner, and that the job done is not a good job, or done in a good workmanlike manner, they will find for the defendant."

4. "If the jury believe, from the evidence, that there was a contract between the plaintiff and defendant, Henrietta Kelly, but that plaintiff failed to carry out said contract according to its terms, then he cannot recover from defendant upon such contract."

"Refused. Others given upon this point."

To the refusal of the court to give these instructions the record shows that the defendant, by her counsel, "duly excepted." When the record, as in this case, shows that the

rulings of the court were duly excepted to, this court must presume that the exceptions were taken at the proper time and in the proper manner. The objection urged by respondents that this exception is too general, is not well taken, for even if this is a general exception then the question presented to us to determine is, was the ruling of the court in refusing any of these instructions proper? If every one of these instructions should have been given, then the exception is sufficient. Courts will disregard a general exception only when it does not point out the specific error complained of, and it appears that a part of the instructions given were good. We hold that these four instructions should have been given, and the exception covers these four instructions and these only.

The record does not show that any other instruction covering the point presented in instruction four was given by the court.

The defendant introduced evidence to show that the plaintiff failed to comply with the contract to which he had testified, that the work was not done in a good and workmanlike manner, and that no express contract had ever been entered into between plaintiff and defendant, and these issues were presented by the answer.

It is a well-established principle that a party must stand by the case he has made out for himself in his pleadings and proof. If a party sets forth a special contract in his complaint, he cannot recover unless he establishes by the proof this contract, and it is error in a court to refuse to instruct a jury if he fails to establish by the proof the contract he has alleged he cannot recover. So if a party sues upon a special contract and it appears from the testimony that he has failed in a material part to perform this contract on his part, he cannot recover thereon, and it was error to refuse to instruct the jury in this case to this effect. These four instructions asked for on the part of the plaintiff were directed to these two points. They were proper issues in the case, and testimony had been given upon them.

It was error in the court to refuse to give them, and one that it will be presumed materially affected the rights of the defendant.

Judgment of the court below reversed and cause remanded.

*Exceptions sustained.*

This case was before the court at the August term, 1872 (see page 483).