## HOGAN ET AL., APPELLANTS, *v.* SHUART, RESPONDENT.

[Argued January 8, 1892. Decided January 25, 1892.]

APPEAL — *Matters not reviewable.* — The introduction of testimony without objection under issues defectively framed is a waiver of such defects, and they will not be considered on appeal.

VERDICT — *Informality.* — Where judgment is entered only for the amount prayed for there is no error, although the verdict specified a greater sum.

TRIAL PRACTICE. — An answer which is responsive to a question insisted upon by a party against objection will not be stricken out because unfavorable to him.

APPEAL — *Objections not made below.* — Where no point is made in the trial of an action that the entire contract had been reduced to writing, it cannot be taken advantage of on appeal as a basis of objections to instructions.

WARRANTY ON SALE OF CHATTELS — *Evidence.* — In actions for damages for a breach of warranty on the sale of chattels, evidence as to what the vendee subsequently received for a part of the property is inadmissible.

SAME — *Statements of vendor.* — In an action for a breach of warranty as to the age of sheep sold, an instruction to the jury that if the vendor knew their ages, and had means of knowing, they should consider these facts with all other facts in evidence in determining whether he stated their ages as his opinion or as facts, is proper.

SAME — *Knowledge of vendee — Instructions — Harmless error.* — An instruction in such case that the jury, in concluding whether the vendee had an opportunity to examine the sheep, should consider all the circumstances of the case, including his statement that he was ignorant as to the means of determining the ages of sheep, while objectionable as conveying to the jury the impression that the court believed the vendee's statement by giving special prominence to his testimony, is a harmless error, the vendee's knowledge of the age of the sheep being immaterial, inasmuch as he relied upon the vendor's express warranty. And for the same reason an instruction as to the vendee's reasons for relying upon the warranty cannot be held error.

SAME — *Measure of damages.* — The measure of damages for a breach of warranty on the sale of chattels is the difference between the actual value of the article sold and the value of the same article, if it had been such as the vendor warranted it to be.

INSTRUCTIONS — *Facts not controverted.* — Instructions assuming the existence of facts not controverted are proper.

*Appeal from Seventh Judicial District, Yellowstone County.*

Action for the purchase price of sheep. The cause was tried before MILBURN, J. Defendant had judgment below.

*Middleton & Light,* for Appellants.

I.   Evidence of what part of the band of sheep sold for is relevant, material, and proper on cross-examination when the issue is a question of damages for an alleged breach of warranty.   The respondent is bound to account for the value of the chattel sold, and not only for the purpose for which he purchased it, but for any purpose whatever. (*Aultman* v. *Mickey,* 41 Kan. 348.)

II.   The giving of instruction No. 9 was error.   (*a*) It is not based on evidence.   In the instruction the court told the jury that the measure of damages "is the difference between the actual value of the over-age sheep, and the value they would have possessed at the time."   An examination of the whole evidence fails to show that any one witness testified to the value at the time of the sale. (*Dalton* v. *Bowker,* 8 Nev. 190; 11 Am. & Eng. Encycl. of Law, 247, and notes; *Territory* v. *Whitcomb,* 1 Mont. 359; *Tognini* v. *Hanson,* 18 Nev. 61; *Dowell* v. *Williams,* 33 Kan. 319; *Feinenan* v. *Sachs,* 33 Kan. 621; 52 Am. Rep. 547; *Cavender* v. *Roberson,* 33 Kan. 626; *Zimmerman* v. *Knox,* 34 Kan. 245; *Dondero* v. *Frumveller,* 61 Mich. '440; *Jones* v. *Van Benthuysen,* 103 U. S. 87; *Waddington* v. *Hulett,* 92 Mo. 528; *Meyer* v. *Black,* 4 N. M. 190.)   (*b*) The giving of said instruction 9 is error, in that it assumes that there were over-age sheep in the band, which was one of the issues solely within the province of the jury to determine. (*Jonas* v. *Field,* 83 Ala. 445; *Newton Wagon Co.* v. *Diers,* 10 Neb. 284; *Manning* v. *Burlington etc. Ry. Co.* 64 Iowa, 240; *Preston* v. *Keys,* 23 Cal. 194; *Schmidt* v. *McGill,* 120 Pa. St. 405; 6 Am. St. Rep. 713; *Knickerbocker L. Ins. Co.* v. *Foley,* 105 U. S. 350.)   (*c*) In the said instruction the court erred in stating the law as to the measure of damages.   The authorities are agreed that the true measure of damages in the case of the sale of chattels with warranty is the difference between the contract price and the real value in the market at the time of sale. (*Bump* v. *Cooper,* 19 Or. 81; *Dalton* v. *Bowker,* 8 Nev. 190; 1 Parsons on Contracts, p. 259, n., and authorities cited [5th ed.]; *Ogden* v. *Beatty,* 137 Pa. St. 197; 21 Am. St. Rep. 862; *Galspell* v. *Northern Pacific R. R. Co.*

43 Fed. Rep. 900; *Hayner* v. *Churchill*, 29 Mo. App. 676; *Hambrick* v. *Wilkins*, 65 Miss. 18; 7 Am. St. Rep. 631; *Tobin* v. *Post*, 3 Cal. 373; *Haskell* v. *McHenry*, 4 Cal. 411; *Crosby* v. *Watkins*, 12 Cal. 85; *Hoffman* v. *Bosch*, 18 Nev. 360.)

III.    The court erred in giving instruction No. 11, for the reason that the said instruction fails to state the time when the jury are to find and assess the damages, thus leaving the jury to find the difference in value at any time or times in evidence; whereas, the damages, if damages there were, occurred at the time of the sale in July.    The authorities are clear upon the proposition that an instruction is erroneous where it gives the measure of damages, but is silent as to the time when the value is to be assessed in arriving at the damages.    (*Dalton* v. *Bowker*, 8 Nev. 190.)    This error cannot be cured by giving the time in another instruction.    (*Baxter* v. *Waite*, 2 Wash. T. 228.)

IV.    The court erred in giving instruction No. 12.    (*a*) The instruction is argumentative in form.    Instead of confining the instruction to the statement of the proposition of law applicable to the case, the court entered upon an argument, arguing that a seller when stating facts concerning the things which he is offering for sale by so making statements and representations creates a warranty.    (11 Am. & Eng. Encycl. of Law, p. 256; *Morris* v. *Lachman*, 68 Cal. 109; *Coal Run Coal Co.* v. *Jones*, 127 Ill. 379.)    The instruction No. 6 as given to the jury gives special prominence to the statement of one of the witnesses upon a controverted point in the case, without, at the same time, calling the jury's attention to the statement of the other witnesses upon the same point, or submitting to them the question of the credibility of the witness whose testimony was so specifically referred to.    It gives the jury the impression that the court believes one of the parties.    To indicate, as the court did, that the statement of one of the parties is worthy of belief is apt to discredit the statements of the other party, which would practically decide the case.    (*Skeggs* v. *Horton*, 82 Ala. 352; *Weil* v. *Paul*, 22 Cal. 492; *Davis* v. *Gerber*, 69 Mich. 246.)    (*b*) An instruction that directs the jury, as this one does, to "consider all the circumstances of the case," is clearly objectionable, and to give such an instruction is error,

for the reason that it does not restrict the jury to the testimony of the witnesses before them, but lets them consider all the circumstances, whether testified to or not, in arriving at their verdict. (*Long* v. *State,* 23 Neb. 33; *Territory* v. *Whitcomb,* 1 Mont. 359.)

*O. F. Goddard,* for Respondent.

I.   There was no error in the action of the court in sustaining respondent's objection to the question of appellants' counsel, propounded to respondent, as to the price obtained by respondent for certain sheep sold out of the band in question; such evidence would be irrelevant and immaterial, as the price obtained for a portion of the band would not be competent evidence as to the value of the sheep which are claimed to be over the ages warranted, and there was nothing in the question or the record indicating what particular class of sheep respondent had sold.

II.   The giving of instruction 9 is relied upon by appellants as error. The instruction states the law correctly. (Sedgwick on the Measure of Damages [4th ed.], p. 325; 2 Sutherland on Damages, p. 422; *Union Bank* v. *Blanchard,* 65 N. H. 21.)

III.   Instruction No. 12 is clearly supported by authority. (Sackett's Instructions to Juries, § 2, p. 571, and cases cited; Benjamin on Sales, §§ 611, 612, 613; 1 Parsons on Contracts, pp. 577, 578, 579; *Polhemus* v. *Heiman,* 45 Cal. 573.)

IV.   All the parts of a charge must be considered together. If taken as a whole, the charge was substantially correct, and could not have misled, the judgment will not be disturbed. (Hayne on New Trial and Appeal, § 131; *People* v. *Cleveland,* 49 Cal. 580; *People* v. *Dennis,* 39 Cal. 636; *Livermore* v. *Stine,* 43 Cal. 278; Sackett's Instructions to Juries, § 24, p. 23; *Anderson* v. *Walter,* 34 Mich. 113; *Rice* v. *City of Des Moines,* 40 Iowa, 638; *State* v. *Maloy,* 44 Iowa, 104.)

V.   If the instructions are pertinent to any part of the testimony they should, if correct, be given without regard to the amount of evidence to which they apply. (*Griel* v. *Marks,* 51 Ala. 566; *State* v. *Gibbons,* 10 Iowa, 117; *Kendall* v. *Brown,* 74 Ill. 232; *Jones* v. *Chicago etc. Ry. Co.* 49 Wis. 352.)

BLAKE, C. J.—The complaint alleges: "(1) That on or

about the twenty-second day of July, 1890, at the county of Park, in the State of Montana, plaintiffs sold and delivered to defendant, at his special instance and request, the following personal property, to wit, 45 head of bucks, at the agreed price of $5 per head, $225; 1,404 head of lambs, at the agreed price of $1.50 per head, $2,106; 1,469 ewes, at the agreed price of $2.75 per head, $4,039.75,—amounting in all to $6,370.75. (2) That defendant agreed to pay plaintiffs for said bucks, lambs, and sheep, on delivery to defendant, the said sum of $6,370.75. (3) That said bucks, lambs, and sheep were delivered by plaintiffs to defendant on or about the twenty-second day of July, 1890, in compliance with the terms of said contract. (4) That defendant has not paid the same, nor any part thereof, except the sum of $5,600. (5) That there is now due plaintiffs from defendant for said property the sum of $770.75, and interest thereon from the twenty-second day of August, 1890, at the legal rate."

The answer is as follows: "The defendant, for his answer to the complaint of the plaintiffs herein, admits the allegations contained in first, second, third, and fourth paragraphs of plaintiffs' complaint; and further answering, the defendant denies that there is now due and owing the plaintiffs from the defendant the sum of $770.75, or any other sum."

The defendant, by way of new matter, alleges that at the time of the sale of the sheep, the plaintiffs represented "that the said sheep were of the ages of from two to four years, and that none of said sheep were older than four years—except, possibly, twenty head—and that the plaintiffs had raised and bred said sheep, and knew their ages, and warranted that no more than twenty of said sheep were over the age of four years; that defendant was not sufficiently familiar with the ages of sheep to tell the ages of said sheep, and that the ages of said sheep could not be definitely ascertained except by an examination of each sheep, and that it was not practicable to make such examination; that the defendant relied upon the representations of the plaintiffs, repeatedly made to the defendant, as to the ages of said sheep; that the defendant has since the purchase of said sheep, and before the commencement of this action, ascertained that the said sheep were not of the ages as repre-

sented by the plaintiffs, but on the contrary thereof, more than 700 head of said sheep are, and were at the time of said sale to the defendant, more than four years old, and that most of the said 700 sheep were over six years old, and some of them as old as eight years; and that nearly all of said 700 sheep are, and were at the time plaintiffs sold them to this defendant, almost worthless, and could not be sold in the market except for a mere nominal sum. Defendant, further answering, says that the plaintiffs made said representations to the defendant to induce the defendant to purchase said sheep, and that at the time of making said representations the same were false and untrue; . . . . that by reason of the premises and the false and fraudulent representations of the plaintiffs, as aforesaid, the defendant has been damaged in the sum of $1,000."

The replication consists of imperfect denials of this new matter, which would be construed to be admissions of the facts which are pleaded in the answer. Upon the trial testimony was introduced by the respective parties upon these issues, without any objections regarding the form or effect of the pleadings, and all defects of this nature were waived. They cannot be urged for the first time in this tribunal, and will not receive further consideration.

The jury returned a verdict for the defendant for the sum of $1,000 as damages; and the court, after deducting the amount demanded in the complaint, entered judgment for the defendant for the remainder. The motion of the plaintiffs for a new trial was overruled. We will attempt to review the assignments of error, which are numerous.

The appellants maintain that the verdict is for a greater amount than is demanded in the answer. The prayer of the complaint is "for the sum of $770.75, with interest thereon from the twenty-second day of July, 1890, and for costs." The answer "demands and prays that the plaintiffs take nothing by this action; that defendant may have judgment against the plaintiffs for the sum of two hundred and twenty-nine dollars and twenty-five cents ($229.25), being the difference between the defendant's said damages and the balance of the purchase price of said sheep; for his costs in this action." The judgment was entered accordingly for the defendant in the sum of $229.25 and his costs.

In the cross-examination of the respondent the appellants asked this question, relating to an interview between the witness and one of the appellants after this property had been delivered: "What did he say?" The respondent interposed an objection upon the ground that it was "irrelevant, immaterial, and not proper cross-examination." This was overruled by the court, and an exception was noted by the respondent. As soon as the question was put, the appellants moved to strike out the testimony "as immaterial, and not proper examination, and not proper matter to go to the jury in this case." The motion was denied, and the appellants excepted, and now urge that the respondent then repeated his story, and thereby enlisted the sympathy of the jury. We are unable to see any reason for complaint upon the part of the appellants, because they insisted upon their right to have the question propounded, and the answer is responsive to the same.

The respondent testified upon cross-examination that he sold 747 young ewes, and the appellants then asked: "What did you get for the ewes you sold?" The court sustained the objection of the respondent upon the ground that it was "irrelevant and immaterial, and not proper cross-examination." The appellants assert that this action was erroneous. Our attention has not been called to any issue in the case which could be affected by this evidence. The authorities are uniform in stating the principle on which the ruling of the court below is upheld. Chief Justice Bigelow, in *Brown* v. *Bigelow*, 10 Allen, 242, said: "The rule of damages for a breach of warranty on the sale of chattels is well settled and familiar. It is the difference between the actual value of the article sold and the value of the same article if it had been such as the vendor warranted it to be. (*Stiles* v. *White*, 11 Met. 358; *Tuttle* v. *Brown*, 4 Gray, 460.) The application of this rule is not changed or modified by the fact that a purchaser of a warranted article has sold it for the same or even a greater price than that which he paid for it. (*Medbury* v. *Watson*, 6 Met. 257; 39 Am. Dec. 726.) . . . . The disposition which a purchaser makes of property is an independent and collateral fact, having no connection with the bargain by which he acquired his title." (*Hunt* v. *Van Deusen*, 42 Hun, 392; *Atkins* v. *Cobb*, 56 Ga. 86; 2 Suther-

land on Damages, 422; 2 Sedgwick on Damages [8th ed.], § 762.)

The court, at the request of the appellants, gave this instruction: (1) "The jury are instructed that while it is true, if the seller of personal property asserts as a fact anything regarding its qualities, and concerning which the buyer is ignorant, and the purchaser relies upon the statement in making the purchase, the assertion will amount to a warranty of the fact asserted, still it is also true that if the vendor merely states an opinion or gives his judgment upon a matter of which he has no special knowledge, and upon which the buyer might also reasonably be expected to have an opinion and to exercise judgment, this is not a warranty." The appellants say the court erred in adding thereto the following sentence: "It is for the jury, however, to find from the evidence whether the statements were matters of personal knowledge on the part of Mr. Hogan, or whether he merely stated said ages of the sheep as an opinion. If you believe that Mr. Hogan knew said ages, and had the means of knowing, you should consider these facts, with all other facts in evidence, in determining whether he stated said ages as his opinion or as facts."

It is maintained that the evidence shows that the respondent reduced to writing his acceptance of the proposition for the purchase of the sheep, and thereby embodied the whole contract, and that the jury should disregard the statements of the parties during the pendency of the negotiations. This is the document which is mentioned:—

"BILLINGS, MONT., July 17, 1890.

"*Mr. Thos. Hogan, Red Lodge, Montana*—DEAR SIR: I will take the sheep as per our agreement, viz., the lambs at $1.50 per head, the ewes at $2.75 per head, and payment to be made for them in full on acceptance of them at your place. I will come up Monday, as per agreement. Yours, resp.,

"B. F. SHUART."

This point was not made in the court below, and was ignored by the appellants in their pleadings, the introduction of the testimony, and their requests for instructions. We cannot permit the appellants to make this radical change of their position

upon this hearing, and treat the letter as the statement of the terms of the agreement. The amendment of the instruction was proper.

The court, at the request of appellants, further instructed the jury: (2) "The mere expression of an opinion, or representations concerning the qualities or capabilities of an article sold by the vendor, do not, of themselves, constitute a warranty. To amount to a warranty the language used must form a part of the contract of sale, and be such as to import or amount to a promise that the article in question does possess the qualities and capabilities mentioned in the alleged promise or contract; and the expressions or representations must be relied upon by the buyer as a warranty in making the purchase." At the request of appellants the court gave this instruction: (3) "To constitute a warranty, there must not only be an affirmation by the seller respecting the quality of the article sold, but the affirmation must be made with a view of assuring the buyer of the truth of the fact asserted, and it must be received and relied upon by the buyer in making the purchase. While, to constitute a warranty, the term 'warrant' need not be used, nor any precise form of expression employed, still, to constitute a binding warranty, there must be an affirmation as to the quality or condition of the thing sold, made by the seller, at or before the sale, for the purpose of assuring the buyer of the truth of the fact asserted, and of inducing him to make the purchase." The following clause was added by the court: "And it must be so received and relied upon by the purchaser; and, if so made and so received, then there is a warranty, and it may be so considered by the jury."

The court also instructed the jury at the request of appellants: (4 and 5) "The court instructs the jury that to constitute a valid and binding warranty the agreement to warrant must enter into, and form a part of the contract of sale. If the agreement to warrant the article is not made at the time the trade is consummated or closed up, then it must be made during the negotiations between the parties, and so shortly before the sale, and under such circumstances, that the purchaser was reasonably justified in regarding it as continuing until the bargain was finished and as forming one of the terms of the contract

of sale. A representation concerning a matter of fact, both expressed and intended as binding the person making it to its truth, is called a 'warranty,' and produces a legal contract obligation. The representations may be made, not only without any warranty, but also without being accepted as intended to be acted upon without further inquiry. In such cases there is no warranty."

The court gave this instruction at the request of the appellants: (6) "The jury are instructed that mere praise or boasting indulged in by the owner of personal property, when offering it for sale, does not amount to a warranty of its quality or condition, if such praise or boastful remarks are but expressions of opinion or judgment concerning the property, provided the purchaser has an opportunity to examine the property at the time, and does or does not do so, and where no artifice is used to prevent him making an examination. When parties are negotiating a trade for property which there is an opportunity for examining, the owner of the property has a right to extol the value or desirable qualities of his property to the highest point which the credulity of the purchaser will bear, if he confines himself to mere expression of opinion or judgment. Such boastful assertions or highly exaggerated descriptions do not amount to a warranty. In such cases the parties are upon equal ground, and the purchaser must exercise his own judgment, and abide the consequences." The court added this sentence: "In this connection, in concluding whether Shuart had an opportunity to examine the sheep, you shall consider all the circumstances of the case, including the statement of Shuart that he was ignorant as to the means of determining the ages of sheep." The appellants contend that this addition is argumentative; that it gives special prominence to the testimony of one witness; and that it misleads the jury, by conveying the impression that the court believes one party, and discredits the statements of other persons.

Before we discuss these matters, we will quote one instruction (7) and the part of another (8), which were given at the request of appellants: "If, during the negotiation for the sale of the sheep in question, the plaintiff made an assertion that the sheep were not over four years old, except twenty head, which assertion

was intended to cause the sale of the sheep to defendant, and was operative or effectual in causing such sale, then such assertion would constitute a warranty; but a mere expression of an opinion is not enough to constitute a warranty. . . . . If the seller of an article of personal property represents what he himself believes as to the qualities or value of an article, and leaves the determination to the judgment of the buyer, there is no fraud or warranty in the case, and the seller would not be liable for any defect in the quality of the thing sold."

The court evidently employed the word "circumstances" as a synonym for "proof" or "evidence." This is apparent when the language of another instruction ($12\frac{1}{2}$) is compared: "Counsel violate their duty in their argument to the jury when they refer the jury to evidence or circumstances not brought out on the witness stand. . . . ." This definition of the word "circumstances" is correct, and the jury could not have been misled thereby. The court elsewhere instructs the jury upon the question of the credibility of the witnesses: (13) "You are the sole judge of the credibility of the several parties and witnesses who have testified in this case." The court did not usurp the province of the jury, and point out the deductions which should be drawn from the circumstances that are referred to. The cases on which the appellants rely make clear the distinction. In *Skeggs* v. *Horton*, 82 Ala. 352, the court held that the following instruction "was rightly refused," to wit: "The declarations of . . . . can be looked to by the jury to sustain the presumption of revocation of the alleged will, and his declarations to . . . . can be looked to by the jury to rebut the presumption of such revocation." In *Weil* v. *Paul*, 22 Cal. 492, it was held that the court did not err in refusing to give this instruction: "If the jury believes the evidence of A. Strauss, the plaintiff's witness, that he had the possession of the goods in controversy after the sale to the plaintiff, and was selling and peddling them out, they will find a verdict for defendants." (See, also, *Davis* v. *Gerber*, 69 Mich. 246; *Morris* v. *Lachman*, 68 Cal. 109.) In *People* v. *Vasquez*, 49 Cal. 560, Mr. Justice Rhodes for the court said: "An instruction is not pertinent, nor in any sense proper, unless given in view of the evidence, as tending or not tending to prove some fact in issue;

and it could not be erroneous for the court to state to the jury correctly, as was done in this case, the state of the evidence in respect to which the instructions were given." In *People* v. *Perry*, 65 Cal. 568, the court said: "But if testimony has been introduced to prove a certain matter the court may instruct the jury that testimony has been introduced tending to prove such matter; and such instruction is not an expression of the opinion of the court as to the weight or effect of the evidence, nor as to what fact has been proved." In *Long* v. *State*, 23 Neb. 33, the court held the following instruction to be erroneous: "If you should conclude from the evidence—which includes, not only the sworn testimony of the witnesses who have testified, but all the circumstances surrounding the tragedy—that deceased was killed," etc. Chief Justice Reese says in the opinion that "the jury were not warranted in going outside of the testimony and proofs which had been introduced before them," and "that the use of the language referred to in the instruction might have had a tendency to call the attention of the jury from the testimony of the witnesses, to which they should have been particularly and exclusively directed." The learned judge applied *Thompson* v. *State*, 30 Ala. 28. The appellants also cite *Territory* v. *Whitcomb*, 1 Mont. 363, wherein the court, by Chief Justice Wade, said: "The jury must believe from the testimony legally produced before them in open court, and from that alone; and any instruction of the court that permits the private belief or private knowledge of a juryman to sway his findings or his judgment is wrong, and beyond remedy."

It is not disputed that Shuart testified in conformity with the tenor of the instructions before us, and upon this point it may be safely declared there is no conflict in the evidence. The credibility of the witness was not passed upon by the court, and the jury were properly instructed thereon. The authorities *supra*, which afford illustrations upon this subject, are inapplicable to this instruction; and no words were employed which would allow the jury to consider aught except legal testimony. The reference to the term "evidence" in the tenth and eleventh instructions, *infra*, should be read in this connection. But we think it was improper practice for the court to allude so pointedly to the testimony of Shuart, and this would have been error

had his statement related to a material issue, because recovery was sought on a warranty. His knowledge or ignorance of the mode of determining the ages of sheep was not involved in the merits of the controversy. The appellant who conducted the negotiations testified as follows: "I do not deny that I represented to Mr. Shuart that these sheep were, with a few exceptions, four years old and under. I do not deny that I made that statement to the best of my belief. I represented and told Mr. Nickey that these sheep were four years old and under, with the exception of a few head. I do not know what the ages of the sheep were."

It was not controverted upon the trial that the appellants sold and delivered to the respondent 722 sheep which were over the age of five years. The instructions and evidence were directed to this salient question: Did the language of the appellant to the respondent, which preceded the sale of the property, constitute a warranty that the sheep were not over four years old? The jury by their verdict decided in the affirmative upon this issue, and the obnoxious part of the addition to the instructions must be adjudged harmless.

The appellants claim that the court erred in adding the following clause: "But if the seller misstated the ages of the sheep, and the defendant Shuart, because of lack of opportunity or ability, was unable to determine whether Hogan was telling the truth, and his misrepresentations were implicitly relied on by defendant, and was induced to make such trade by such misrepresentations, then the defendant would have a right to rely on said statements of Hogan as true, if said statements were made by Hogan as true, and not merely as an opinion." This amendment to the instruction is criticised as being argumentative. We reiterate what has been said, that the reasons of Shuart for relying upon the warranty of appellants are immaterial. We disapprove this portion of the instruction, but are of the opinion that the appellants were not prejudiced thereby. The instructions, viewed as a whole, stated correctly the law which was applicable to the proof as to warranty. The court below was undoubtedly influenced in its modification of the instructions by the expression of appellants therein concerning "an opportunity for examining" the property.

The ninth and eleventh instructions were given at the request of the respondent: "The jury are instructed that the measure of damages in this case, if you find the defendant has been damaged at all, is the difference between the actual value of the over-age sheep and the value they would have possessed in the market at the time if they had been of the ages as represented by the plaintiff, Thomas Hogan, if you find he represented the ages of the sheep. . . . . If you find from the evidence that the plaintiffs warranted the sheep to be not over four years of age, with the exception of a few head, and that the sheep were over that age, then you are to find the difference in the value of those over the age of four years and the market value they would have possessed if they had been of the ages as represented, and the difference would be the damages sustained by the defendant." The contention of the appellants is that the true measure of the damages is not laid down. While the authorities are not in harmony respecting the rule, we think that the views of the court below are generally supported. (*Brown* v. *Bigelow, supra;* 2 Sedgwick on Damages [8th ed.], § 762, and cases cited.) We quote from this section: "From these cases the result is that in an action brought on a warranty the true measure of damages is the difference between the value which the thing sold would have had at the time of the sale if it had been sound, or corresponding to the warranty, and its actual value with the defect; and such is now the almost universally recognized rule." See, also, section 777, and cases cited, in which an excerpt from *Whitney* v. *Allaire,* 1 N. Y. 305, is given, with a comment: "'The measure of damages in an action upon a warranty, and for fraud in the sale of personal property, are the same. In either case they are determined by the difference in value between the article sold, and what it should be according to the warranty or representation;' and this has usually been stated as a general rule."

The tenth instruction was given at the request of the respondent: "If the defendant was not in a position to acquaint himself with the ages of the sheep he was purchasing from the plaintiffs, and was induced to buy them, without making examination with a view to ascertain their ages, by the representations of their ages by the plaintiff, Thomas Hogan, and if you find that

defendant did rely upon the representations of the plaintiff, Thomas Hogan, then you are to consider this, in connection with all the other evidence, in determining the question as to whether there was a warranty as to ages." The twelfth instruction was given by the court upon its own motion: "In order to constitute a warranty upon a sale, it is not necessary that the representations should have been intended by the seller as a warranty. If the representation is clear and positive as to the kind or quality of the article, and not a mere expression of opinion, and the purchaser understands it as a warranty, and, relying upon it, purchases the property, then the seller cannot escape liability by claiming that he did not intend what his language declared or fairly implied." The appellants object to these instructions upon the ground that the court assumed the existence of certain facts. After a careful examination of the record, we cannot discover any merit in the suggestion. Granting all that the appellants claim, the court observes a scrupulous regard for its duties and powers, which will be defined. Mr. Hayne says that "the judge may charge with respect to facts which are not controverted." (New Trial and Appeal, § 121 *b*, and cases cited.) The court in *People* v. *Welch*, 49 Cal. 181, said: "The 'matters of fact' as to which the court is not permitted to charge the jury are the facts contested, or, in some degree, sought to be established by evidence." We will remark here that similar observations concerning other instructions which have been made by the appellants come within this exception.

The appellants have urged in many phases, which need not be depicted, one point, which is, that there is no evidence to prove the value of this property at the time of the sale — July 21, 1890. The sheep were thoroughly inspected September 23, 1890, by disinterested experts, at the instance of respondent, and their ages were ascertained. It is shown by testimony which is not attacked by the appellants that there were then in this flock 58 toothless sheep, 350 peg-toothed sheep, and 314 sheep over the age of 5 years; that toothless sheep are over 10 years old ; that peg-toothed sheep are over 8 years old; that these toothless, peg-toothed sheep, and sheep over the age of 5 years, 722 in number, were worth then, in September, 1890, $928.50; that this amount was computed as follows: Value

of the toothless sheep, 50 cents per head; value of the peg-toothed sheep, $1 per head; value of 314 sheep over the age of 5 years, $1.75 per head—and that the respondent paid therefor $1,985.50, which was the value of the ewes under the age of 4 years at the time of the sale and also this inspection. The contention of appellants is that a verdict for any sum as damages is not supported, because there is no evidence showing the value of the toothless, peg-toothed, and sheep over the age of 5 years, when they were purchased by the respondent. We do not concur in this statement.

Shuart was asked this question: "Do you know the market value of sheep last year, about the time you bought these—I mean the band, generally? Answer. Of course, you would have to grade the sheep in order to put a value on them. I know what sheep were selling for. Q. Did you know what the market value of sheep was? A. Yes, sir. Q. What were sheep over 4 years of age worth at that time? A. I do not think there would be any fixed price, classified in that way. They might be worthless. A sheep 5 years old would bring probably $1 to $1.50."

In our opinion the testimony of the experts corroborates the respondent.

We conclude by asserting that the case has been tried impartially; that the instructions cover fairly the material issues, and that the verdict should not be disturbed.

It is ordered that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.