No. 12243

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

MARILYN J. DAWE,

                    Plaintiff and Appellant,

    -vs-

R. REX DALLEY, and the MONTANA HIGH SCHOOL
ASSOCIATION, a corporation,

                    Defendants and Respondents.

---

Appeal from:   District Court of the First Judicial District,
               Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Hughes, Bennett and Alan F. Cain, Helena, Montana.
        George T. Bennett argued, Helena, Montana.
        Kline and Niklas, Helena, Montana.
        John R. Kline argued, Helena, Montana.

    For Respondents:

        Gough, Booth, Shanahan and Johnson, Helena, Montana.
        Ward A. Shanahan and Ronald F. Waterman argued,
        Helena, Montana.

---

                              Submitted:   October 26, 1972

                              Decided:  DEC 2 6 1972

Filed:  DEC 2 6 1972

_Thomas J. Kearney_
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by the plaintiff, Marilyn J. Dawe, from an adverse jury verdict rendered in the district court of Lewis and Clark County.

The basis of Mrs. Dawe's claim for relief was an automobile accident, which occurred on February 27, 1970. The location of the accident was on the south or descending side of Boulder Hill on Highway 91 in Jefferson County. Both parties were traveling to Butte, Montana on the day of the accident and the road was icy and snowpacked. The Dalley vehicle first came upon the Dawe vehicle on the north or ascending side of the hill. Following the Dawe vehicle for approximately three-fourths of a mile Dalley was able to see that Mr. Dawe was having difficulty negotiating the hill. The car would slow down, then speed up again and was fishtailing. Dalley passed the Dawe vehicle but he had to stop at the top of the hill to clear a windshield wiper. At this point the Dawe vehicle passed the Dalley vehicle and both proceeded down the hill. Dalley was again able to determine that Dawe was having trouble controlling his car. Both drivers testified that they were traveling no faster than 15 miles per hour with Dalley testifying that he was trying to keep between 50 to 75 feet behind the Dawe vehicle. Upon reaching a sharp righthand curve the Dawe vehicle went out of control with the front wheels colliding with the snow bank on the right side of the road first and the rear end of the car sliding around to hit the bank. At this point Dalley first tried to turn to the left to go around the car but was unable to do so because of oncoming traffic. Dalley then applied the brakes and slid into the Dawe vehicle. It is this impact that Mrs. Dawe contends caused her injuries. The physical damage to each car was slight

- 2 -

as they were both able to leave the scene of the accident under their own power.

There are three issues in this case for our consideration. The first is whether it was proper for the trial court to instruct the jury on "sudden emergency".

In considering this issue we must determine if this was a proper case for the use of the "sudden emergency" instruction. Instruction No. 17 given by the trial court was as follows:

> "A sudden emergency exists when the driver of a motor vehicle is suddenly placed in a position of imminent peril, great mental stress, or danger, which situation has not been brought about by his own negligence, but in which instant action is necessary to avoid a threatened danger. But the driver must use that care which the ordinary prudent person would exercise under like or similar circumstances. One suddenly confronted with a peril through no fault of his own, who in attempting to escape does not choose the best or safest way should not be held negligent because of such choice, unless it was so hazardous that an ordinary prudent person would not have made (it) under similar circumstances."

On reviewing such an instruction we must determine whether it was error in light of the evidence contained in the record which supports the instruction. "The instruction must be taken in connection with the evidence bearing on the matter referred to * * *." Burns v. United States, 274 U.S. 328, 331, 71 L.Ed 1077, 47 S.Ct. 650. The other requirement is that a party is entitled to an instruction on its theory of the case and in Gran v. Dasovic, 275 Minn. 415, 147 N.W.2d 576, 579, it is stated:

> "We are also of the opinion that the court did not err in instructing the jury with reference to the emergency doctrine. An instruction on this theory should also be given where it is consistent with the theory of one of the parties to the action and where the evidence submitted by such party would sustain a finding that he had been confronted with a sudden peril or emergency and acted under its stress."

The record in this case amply supports the instruction on both grounds. Dalley was following a car at a safe distance for the

speed his car was traveling. The Dawe vehicle suddenly went out of control causing Dalley to take emergency action. Also the record clearly shows this was the theory of the defense in the trial. Following our own Montana rule as stated in Peabody v. Northern Pacific Ry. Co., 80 Mont. 492, 498, 261 P. 261, on the giving of the sudden emergency instruction, it should have been given:

> "If the evidence in this case were sufficient to warrant a reasonable conclusion that at the time in question the defendant Siegel was confronted with a 'sudden emergency,' or that 'there was want of time in which to form a judgment,' under the circumstances, as they appeared to him, the court should have given the offered instruction." Emphasis supplied.

The second issue is whether the court should have allowed a pharmacist to testify regarding the effects of taking a pain killing drug by the plaintiff.

During the trial of the cause the defense used the testimony of a local pharmacist. The purpose of the testimony was to have an expert opinion on the effect to a person of taking a particular pain killing drug. This expert testimony was objected to by Mrs. Dawe's attorney on the ground that a pharmacist was not a qualified expert to give such an opinion.

It appeared that Mrs. Dawe suffered from back pain prior to the accident and she testified that she occasionally took Darvon 65 to relieve pain prior to February 27, 1970. It further appeared that Mrs. Dawe received a prescription on January 12, 1970 for 100 capsules of Darvon 65 and these had been mostly used up so on the day of the accident the prescription had been refilled. Medical testimony indicated Darvon 65 was a pain killer with greater strength than aspirin but less than codine.

The pharmacist called by the defense testified as to his general background which included working for Eli Lilly and

- 4 -

Company, the manufacturers of Darvon 65, and he was asked about the normal dosage of the drug and testified that the average dosage was one capsule three or four times daily, which would be every six to eight hours. Mrs. Dawe's prescription was for Darvon once every three hours, or twice the average dosage.

Plaintiff claims that as a result of this testimony concerning the effects of taking an overdose of the pain killing drug prescribed for her prior to the time of the accident the defense was allowed to argue to the jury that Mrs. Dawe's injuries were the result of that overdose. However, in our reading of the transcript, it becomes apparent the damaging testimony was brought out by plaintiff on cross-examination. She cannot now come in and complain of this when the adverse result was of her own making. In a Montana case, Hogan v. Shuart, 11 Mont. 498, 504, 28 P. 969, where the party insisted the witness answer the question and then claimed error because he did so, this Court held:

> "We are unable to see any reason for complaint upon the part of the appellants, because they insisted upon their right to have the question propounded, and the answer is responsive to the same."

We find no error here.

The last issue concerns the alleged misconduct of defendants' counsel.

During the course of the trial the plaintiff wished to use the deposition of Dr. Swenson of Salt Lake City, Utah. Shanahan, counsel for Dalley, noted that there existed "no reason * * * right now for offering it except as a grandstand." Further during cross-examination of plaintiff's expert witness by Shanahan it was brought out that the witness and plaintiff's counsel had worked together on the sales tax proposal. Both of

these instances are charged by plaintiff as being misconduct on the part of defendants' attorney.

We do not agree with the contention that the actions of defendants' counsel at the time of offering of the deposition or in the cross-examination of plaintiff's witness are of a character to constitute misconduct requiring a new trial.

The judgment is affirmed.

_____
Chief Justice

_____

_____

_____

_____
Associate Justices