No. 12187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA, ACTING BY AND THROUGH
THE STATE HIGHWAY COMMISSION OF THE STATE OF
MONTANA,

Plaintiff and Appellant,

-vs-

ROGER W. BENNETT and SANTINA BENNETT,

Defendants and Respondents.

---

Appeal from: District Court of the Third Judicial District,
Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

For Appellant:

Daniel J. Sullivan and Leo J. Kottas, Jr. argued,
Highway Legal Department, Helena, Montana.

For Respondents:

Knight, Dahood, Mackay and McLean, Anaconda, Montana.
Malcolm MacCalman argued, Deer Lodge, Montana.

---

Submitted: June 18, 1973

Decided: JUL 16 1973

Filed: JUL 16 1973

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is a condemnation action by the State Highway Commission involving a 2.68 acre tract of land with improvements, located four miles west of Garrison, Powell County, Montana. Following jury trial in the third judicial district court before the Hon. Sid G. Stewart, district judge, judgment was entered awarding the owners $60,000 for their property. From this judgment and denial of a motion for a new trial, the State appeals.

The State of Montana, acting through the State Highway Commission, seeks to acquire the land in question for highway purposes. The property owners are Roger W. Bennett and his wife, Santina Bennett. Their property abuts U.S. Highway No. 10 along the north right-of-way boundary line.

The property is known in the area as The Golden Spike. Located upon the property were rental cabins, storage sheds and a service station, with home and shop combined. Bennett testified his business consisted of running the service station and selling and repairing used cars, trucks and tractors.

At trial, the State's appraiser testified that the "highest and best use" of the land was for rural homesites and fixed its market value at $25,650, based on the cost approach for the buildings and the market data approach for the land. Witnesses for the property owners testified that the "highest and best use" of the property was business or commercial. The property owner valued his property at $100,000 and an independent fee appraiser for the owners, using the capitalization of income approach, valued the property at $81,367.44.

The jury returned a verdict for the property owners in the amount of $60,000. Judgment was entered and the State appeals from that judgment.

On appeal the State presents seven issues for review. The first three concern the admissibility of the owner's testimony as to the value of the property. Issues four through six relate to

the propriety of the capitalization of income approach used by the property owners' appraiser. Issue seven alleges error in the district court's limiting cross-examination by counsel for the State.

In issues one through three the thrust of the State's argument is that owner Bennett's valuation of his property was not admissible because no proper foundation was laid. The owner testified, over objection, to a figure of $100,000, as the value of his property. The State, relying on Alexander v. State Highway Comm'n, 142 Mont. 93, 110, 381 P.2d 780, contends the owner's testimony was not admissible. In <u>Alexander</u> this Court held:

> "* * * that an owner, upon <u>prima</u> <u>facie</u> proof of ownership, shall be qualified to estimate in a reasonable way the value of his property for the use to which he has been putting it. Such owner is not qualified by virtue of ownership alone to testify as to value for other purposes unless he possess, as any other witness as to value, 'some peculiar means of forming an intelligent and correct judgment as to the value of the property in question beyond what is presumed to be possessed by men generally.'"

Here, the owner testified only as to the value of the property for purposes to which he had been using it. The State contends, in effect, that the owner cannot state the value of his property for the purpose for which he was putting it when that use is not, in the State's opinion, the highest and best use. The property owner presented a figure of $100,000 after foundation was laid as to his familiarity with the general area, his purchase of the property and construction of the buildings, and his use of the property in selling gasoline, oil, used cars and other vehicles over a period of twenty years. With this background, it cannot be said that his valuation was either speculative or conjectural.

The competence of a witness to give an opinion on value of property is generally in the discretion of the trial judge. One who knows the real property in question and is familiar with the uses to which it may be put, may testify as to its market value. Such witnesses need not know of any sales or be technical experts. State Highway Comm. v. Wilcox, 155 Mont. 176, 468 P.2d 749; State

Highway Comm'n v. Barnes, 151 Mont. 300, 443 P.2d 16; State v. Peterson, 134 Mont. 52, 328 P.2d 617. The property owner, whether generally familiar with such values or not, ought to be allowed to estimate its worth. The weight of his testimony is for the jury. Alexander v. State Highway Comm'n, supra; 3 Wigmore, Evidence § 716 (Chadbourn rev. 1970). The only restriction on the owner's testimony is when the nature of the answer is so unreasonable as to be speculative, conjectural, and contradictory that his answer should be stricken. Alexander v. State Highway Comm'n, supra. Here, the owner's estimate was not so unreasonable or lacking in foundation that this Court may hold the district court abused its discretion.

State's issues four through six are directed at the valuation fixed by the property owners' appraiser under the capitalization of income approach. The State contends that such an approach to valuation should not have been admitted because of insufficient evidence of the net income to capitalize.

It has been generally held that the best method of arriving at market value is recent sales of comparable property. State Highway Comm'n v. Bare, 141 Mont. 288, 377 P.2d 357. But where there are no comparable sales, evidence based upon revenue and valuation based in part thereon is competent and admissible. State Highway Comm'n v. Biastoch Meats, Inc., 145 Mont. 261, 400 P.2d 274.

In the instant case the purpose for which the property was used is indeed unique in the area. Here, we have a service station and repair shop in an area more typically used for rural homesites or farm land.

The property owners' appraiser used the capitalization method of valuation in determining that the property in question should be valued at $81,367.44. He arrived at this figure by averaging the owners' income tax returns for the past two years on income from the property. He then deducted from net profit the sum of $120 for maintenance and $4,800 as a fair amount attributable as wages

for the owners. The balance of $4,884 was attributed to the value produced by the property in lieu of rent which when capitalized at six percent gave a value of $81,367.44. Weaknesses in formulating this value go to the weight of the expert's testimony to be evaluated by the jury. State Highway Comm'n v. Wilcox, 155 Mont. 176, 468 P.2d 749; State Highway Comm'n v. Vaughan, 155 Mont. 277, 470 P.2d 967.

Once proper foundation has been laid as to the witness' expertise he should be permitted to give his opinion using any of the accpted means of calculating value. It is thus incumbent upon the State to bring out any weaknesses of his valuation upon cross-examination. The appraiser's figures were based on more than conjecture and uncertainty and therefore can be distinguished from State Highway Comm'n v. Bare, 141 Mont. 288, 377 P.2d 357, relied upon by the State.

Issue seven concerns the State's contention that it was unduly limited in its cross-examination.

It is a general rule in this state that section 93-1901-7, R.C.M. 1947, permits a wide range for cross-examination. The right of cross-examination may not be unduly restricted and may extend not only to facts stated by the witness in his direct examination, but to all other facts connected with them which tend to enlighten the jury upon the question in controversy. The rule necessarily includes questions to bring out facts illustrative of the motives, bias and interest of the witness or as a reflection upon his capacity and memory. Kipp v. Silverman, 25 Mont. 296, 64 P. 884; Cobban v. Hecklen, 27 Mont. 245, 70 P. 805; Cuerth v. Arbogast, 48 Mont. 209, 136 P. 383; Herzig v. Sandberg, 54 Mont. 538, 172 P. 132.

We have thoroughly reviewed the record and find it simply does not bear out the State's contention that cross-examination by the state of the property owners' appraiser was unduly restricted.

Jury findings will not be disturbed unless they are so obviously and palpably out of proportion to the value of the property taken as to be in excess of just compensation. State Highway Comm'n v. Jacobs, 150 Mont. 322, 435 P.2d 274.

Having reviewed the record and examined the issues raised by the State, we find there was no substantial error in the district court proceedings.

The judgment is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices.

- 6 -