958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE OF MONTANA, acting by and through the DEPARTMENT OF
HIGHWAYS OF THE STATE OF MONTANA, Plaintiff-Appellant,
v.
14.62 ACRES OF LAND, More or Less, on the FLATHEAD INDIAN
RESERVATION; Juanita Selma Palin Bailey, et al.,
Defendants-Appellees.
 No. 91-35317.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1992.
Decided March 18, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Bailey and a group of Native Americans operate a 600-acre ranch on the Flathead Indian Reservation. They raise Arabian horses, grow hay and occasionally sell gravel. Montana condemned 14.62 acres of the ranch to improve an existing roadway. A jury awarded the landowners $171,910 in compensation. The state alleges that this figure is excessive and based on inadmissible testimony. We reverse and remand for a new trial.
 
 
 3
 * The state argues that its motion to exclude expert valuation testimony was denied erroneously. The landowners' expert, Ken Staninger, separately assessed the value of the gravel and the surface land and then aggregated the values to determine just compensation, $184,000. Aggregation of the two values was improper. United States v. Land in Dry Bed of Rosamond Lake, 143 F.Supp. 314 (D.C.Cal.1956).
 
 
 4
 Staninger later testified that the fair market value was $175,000, not $184,000. Although he asserted that this figure included consideration of both the surface land and gravel deposits, he clearly considered only the gravel. In doing so, he used the disfavored "unit method:" he estimated the number of cubic yards of gravel, and then multiplied by the price per cubic yard. We agree that it was error to admit Staninger's testimony because the landowners did not show that the preferable methods of valuation--comparable sales or revenue evidence--were unavailable.
 
 
 5
 In Montana, "[i]t has been generally held that the best method of arriving at market value is recent sales of comparable property." State Highway Comm'n v. Bennett, 162 Mont. 386, 513 P.2d 5, 8 (1973). "[W]here there are no comparable sales, evidence based upon revenue and valuation based in part thereon is competent and admissible." Id. The Montana courts have not addressed the question whether, if neither comparable sales nor revenue evidence is available to establish market value, the court may admit testimony based on the unit method. However, the Montana Supreme Court has stated that "the law is not wedded to any particular formula or method for determining fair market value as the measure of just compensation." State Highway Comm'n v. Tubbs, 147 Mont. 296, 411 P.2d 739, 743 (1966). We hold, therefore, that under Montana law testimony based on the unit method is admissible if neither comparable sales nor revenue evidence is available.
 
 
 6
 In order for testimony based on the unit method to be admissible, the party seeking to introduce that testimony must establish that there is a market for the minerals and that the expert witness has industry expertise. United States v. 103.38 Acres, 660 F.2d 208, 213-14 (6th Cir.1981). Moreover, the price by which the units of the mineral are multiplied must reflect the price for the mineral "in place," not the price for the mineral after extraction. Id. at 214. Finally, the value of the mineral must be discounted to present value. Id. at 213.
 
 
 7
 If the district court finds that the unit method is the appropriate valuation method, it should also decide to what extent it is necessary to discount to present value. Given that the unit method provides a lump sum estimate, we believe that some sort of discounting would be appropriate, whether to account for inflation or the speculative nature of the future sales. The district court may find, however, that the estimated price of gravel tracks inflation, and that therefore, formal discounting is inappropriate.
 
 II
 
 8
 The state argues that the court should have stricken Bailey's testimony on severance damages because he is not an expert. The landowners counter that the state's failure to object to Bailey's testimony at trial precludes it from raising the issue on appeal.
 
 
 9
 Under both Montana and Federal Rules of Evidence, the failure of a party to object to the trial court's admission of evidence waives the right to claim error on appeal. M.R.Evid. 103(a); Fed.R.Evid. 103(a). The state waived this issue by failing to object.
 
 
 10
 Even if the state had objected, the court correctly refused to strike Bailey's testimony. Montana courts routinely admit landowner testimony regarding property value in condemnation proceedings.[1] State Highway Comm'n v. Bennett, 162 Mont. 386, 513 P.2d 5, 7 (1973); State Dept. of Highways v. Schumacher, 180 Mont. 329, 590 P.2d 1110, 1115 (1979).
 
 
 11
 Here, Bailey testified that, as a result of the project, he lost access to 163,333 cubic yards of gravel that he sells for 50cents per yard. The landowners established that Bailey had been directly involved in the sale of gravel for over 20 years. His testimony that he lost access to 163,333 cubic yards of gravel was reasonable.
 
 
 12
 The jury awarded separate severance damages in the amount of $21,930.00. Because this award was based on competent, admissible testimony, it will not be disturbed on appeal.
 
 III
 
 13
 The state objects to the court's refusal of its proposed jury instruction # 2. The instruction was intended to cure the effect of harmful testimony that the state elicited on cross-examination. The state may not complain on appeal of damaging testimony it elicited during trial. Dawe v. Dalley, 161 Mont. 73, 504 P.2d 982 (1972); Cline v. Durden, 246 Mont. 154, 803 P.2d 1077 (1990). The instruction was properly rejected.
 
 
 14
 AFFIRMED in part; REVERSED and REMANDED in part. The parties will bear their own costs on this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Joseph Bailey is the husband of one landowner and has supervised the ranch's operation and the sale of gravel for over 20 years. Although he is not a "landowner", the principles that permit owners to testify to the value of their land apply equally to him