[No. 10,013.]

## THE PEOPLE *v.* WRIGHT.

ORAL INSTRUCTION IN CRIMINAL CASE.—It will not be presumed by the Supreme Court that the Court below charged the jury orally, because the record does not state affirmatively that the charge was given in writing.

THREATS AS EXCUSE FOR ASSAULT.—Mere threats antecedently made amount to no excuse for a deadly assault, when the party assailed had made no demonstration of a hostile or equivocal character.

APPEAL from the District Court of the Tenth Judicial District, County of Sutter.

The defendant was convicted of murder in the first degree, and appealed from the judgment.

The other facts are stated in the opinion.

*J. G. Severance,* for Appellant.

*G. A. Blanchard,* for Respondent.

By the Court:

It appears that in August, 1872, the deceased, Faust, in company with one Shirley, was traveling in a wagon along the road near Vernon, in Sutter County, when a shot was fired by the prisoner, who was concealed at the roadside, about ten steps distant.   The shot killed Faust, and wounded Shirley.   At the moment of firing the course of the road had turned or was rapidly turning the backs of the deceased and Shirley to the prisoner, and increasing the distance between him and them.   The prisoner attempted to justify the killing, upon the ground that his purpose was not to shoot Faust, but Shirley, and that the latter had made threats against the life of the prisoner, which had been communicated to him, etc.

1. It is not to be presumed that the Court below charged the jury orally, because the record does not state affirmatively that the charge was given in writing.   Error is not to be presumed in a criminal any more than in a civil case. But it is unnecessary to consider the point further, inasmuch as it is already settled here by authority.   (*People* v. *Shuler,* 28 Cal. 490, and cases there cited.)

2. There was no error in excluding the evidence as to Shirley's threats.   The evidence shows that the killing here was an assassination of Faust, and attempt to assassinate Shirley also.   It does not appear that the prisoner was seen by either of the men in the wagon at the time of the firing. There was, of course, no demonstration made by either of them against the prisoner at the time; and it is too well settled to require either reasoning or citation of authority, that mere threats antecedently made amount to no excuse for a deadly assault, when the party assailed had made no

attempt or demonstration of a hostile or at least equivocal character.

3. We observe no error committed by the Court in the instructions. If the jury believed the evidence, their verdict could have been nothing less than murder in the first degree, and, therefore, the criticism as to the definition of murder in the second degree, and the objection that there was no instruction given as to the offense of manslaughter, become mere abstractions.

Judgment affirmed, and Court below directed to fix a day for the execution of the sentence. Remittitur to issue forthwith.