[No. 10,120.]'

# THE PEOPLE v. FILOMENA COTTA.

CHALLENGE OF JUROR FOR IMPLIED BIAS.—A challenge to a juror for implied bias should refer to the particular subdivision of the section of the Penal Code, which gives the cause of challenge for implied bias.

CHALLENGE OF JUROR FOR ACTUAL BIAS.—When a challenge to a juror for actual bias is tried by the Court, its judgment upon that issue will not be reviewed by the appellate Court, unless an exception is taken to its ruling in admitting or rejecting evidence.

PROOF OF STATEMENTS MADE BY A PRISONER.—In a criminal trial, if a witness is called by the prosecution to prove statements made by the defendant, it is not a valid objection to the testimony, that the witness was eavesdropping when he heard the defendant make the statements.

PROOF OF STATEMENTS MADE BY A CO-CONSPIRATOR.—When two are jointly indicted for a crime and have separate trials, and there is evidence tending to prove a conspiracy between them to commit the crime, on the trial of one, evidence on behalf of the prosecution may be received of a conversation between the other and a third person, in the presence of the defendant, in which admissions were made, even if the one on trial was not present.

REFERENCE BY A WITNESS TO A MEMORANDUM.—A witness called by the prosecution in a criminal case to prove statements made by the defendant, may, while on the stand, refresh his memory by a reference to a written memorandum made by him at the time or soon after.

MURDER IN THE FIRST DEGREE.— To consitute murder in the first degree, it is not necessary that there should be any appreciable space of time between the formation of the intention to kill on the part of the slayer, and the act of killing.

INSTRUCTIONS TO JURY.—The Court, before giving an instruction asked by the defendant in a criminal case, may strike therefrom a clause which is irrelevant, and not connected with the remainder of the instruction.

IDEM.--The Court should refuse an instruction asked by a defendant in a

criminal case, which assumes that an admission has been made by the prosecution, which has not in fact been made.

EVIDENCE NECESSARY TO CONVICT OF MURDER.—When a murder has been committed, and two are indicted for the offense, and there is evidence that both were present and had conspired together, it is not necessary for the conviction of one, on his separate trial, to prove that *he* used the weapon with which the deceased was killed.

APPLICATION FOR CHANGE OF VENUE.—After twelve competent trial jurors have been obtained in a criminal case, it is too late for the defendant to ask for time to prepare affidavits as the basis of an application for a change of venue on the ground that the defendant cannot have a fair and impartial trial before the jurors passed upon and received.

APPEAL from the District Court, Twelfth Judicial District, County of Sacramento.

The defendant and Domingo Estrado, were jointly charged in the indictment with having murdered John Cruse, at the County of Sacramento, in April, 1874. The evidence on the trial showed that the deceased was killed at the City of Sacramento, on the night of the 7th and 8th of April, 1874, by a stab made with a knife.

During the trial, the prosecution called E. M. Stevens as a witness, who testified to a conversation between the defendant and one Boyle, which he overheard. The witness said that soon after the killing, while the defendant was confined in a room in jail, one Boyle called to see him, and the witness, who was an officer, allowed Boyle to go into the room with him, and that he went into an adjoining room, and listened to the conversation between them. The attorney for the defendant then asked the witness if he was eavesdropping. The Court said, "it don't make any difference whether he was eavesdropping or not." The defendant's counsel excepted to the language of the Court. The witness then gave evidence of defendant's statements made to Boyle, which were material for the prosecution.

The prosecution also called as a witness R. W. Dunlevy, a police officer, and proposed to prove by him a statement made by Estrado in the police office, in the presence of witness and Cotta, on the evening of the 12th of April, following the killing. The defendant's attorney objected that Cotta was a prisoner, and was not bound by declarations

made by Estrado in his presence, and that the declaration of another, made in his presence, was not his own confession, if he was silent. The Court below overruled the objection. The witness then testified to Estrado's statements, in which he gave his version of the manner in which Cruse was killed, and what led to the infliction of the mortal blow. In doing so, the witness, to refresh his memory, referred to a written memorandum taken down by him, soon after Estrado made the statement.

On the trial, the Court gave the jury the following instruction, numbered eleven:

"There need be no appreciable space of time between the intention to kill, and the act of killing. They may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation, on the part of the slayer, and if such is the case, the killing is murder of the first degree, no matter how rapidly these acts of the mind succeeded each other, or how quickly they may be followed by the act of killing." The case of the *People* v. *Estrado, post* p. 171, will be found to contain some facts not here stated.

The defendant was convicted of murder in the first degree, and appealed.

The other facts are stated in the opinion.

*Jo Hamilton* and *J. C. Goods*, for the Appellant.

*Attorney-General Love* and *Charles T. Jones*, District Attorney for the County of Sacramento, for the People.

By the Court, McKinstry, J.:

The defendant challenged the juror Charles Surtz in the following language: "The defendant challenges the juror for such bias as disqualifies him, and for having such a fixed and positive opinion as to the question of defendant's guilt or innocence as would disqualify him from serving on the jury."

Section 1,073 of the Penal Code, as amended in 1874, declares: "Particular causes of challenge are two kinds:

First, for such a bias as, when the existence of the facts is ascertained, in judgment of law disqualifies the juror, and which is known in this code as implied bias; second, for the existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of either party, which is known in this code as actual bias."

It has always been held in this Court that a challenge for implied bias should specify or clearly refer to the particular subdivision (on which a party relies) of that section of the Penal Code which gives the causes of challenge for implied bias. The fact that a juror has formed a "fixed and positive opinion as to the question of the defendant's guilt or innocence" does not constitute a cause of challenge for implied bias under section 1,074 of the Code as amended.

Assuming it to have been a sufficient specification of a challenge for actual bias to say that the juror had "such bias as could disqualify him," the issue of fact as to whether the juror was or was not in such condition of mind as would prevent him from acting with entire impartiality, and without prejudice to the substantial rights of the defendant, was tried by the district Court, and its judgment upon that issue was final, as no exception was taken to any ruling of the Court in admitting or rejecting evidence. (Penal Code, Sec. 1,170, as amended.)

The District Court properly denied the defendant's motion (made after twelve competent jurors had been secured) for time to prepare affidavits as the basis of an application to change the place of trial, on the ground that the defendant could not have a fair and impartial trial before the twelve jurors already passed upon and received as qualified.

We think, the remark of the District Judge that "it made no difference whether the witness (Stevens) was eavesdropping or not," was pertinent and proper. The defendant has no cause of complaint, either because, if an eavesdropper, the witness may possibly not have heard all that was said in the conversation to which he testified, or on the ground that eavesdropping is disreputable in itself, or was an offense at common law.

The witness described his position and the surroundings, from which the jury could determine whether he heard the conversation in full, as he said he did; and it can hardly be contended that a police officer should be discredited for doing that which it was his duty to the public to do.

There was evidence tending to prove that the defendant and Estrado acted in concert, and were engaged in a conspiracy to rob the deceased. Evidence of the conversation between Estrado and the witness Dunlevy was, therefore, properly admitted.

It was not error to permit the witness last named to refresh his memory by referring to the written memoranda.

It was not error to give the eleventh instruction asked by the District Attorney, nor was it error to strike from the nineteenth instruction, asked by the defendant, the first clause thereof. This clause contained the theory or claim of the prosecution, as understood by counsel for defendant, and was not necessary to, or inseparably connected with, the remainder of the instruction. The sixth, seventh and sixteenth instructions asked by the defendant were properly refused, because they assumed a certain "admission" to have been made by the people, which, in fact, had not been made.

By the nineteenth instruction, as requested, the Court was asked to charge the jury that there was no evidence that the deceased was killed by the defendant and Estrado, while attempting to commit a robbery. The Attorney-General and District Attorney for Sacramento called to our attention facts appearing in the transcript to have been testified to on the trial, tending to show that the killing was done in the attempted commission of the felony referred to, and the examination we have given the record, satisfies us there was such evidence.

The Court below properly rejected the twentieth instruction asked by defendant. It presented a false issue to the jury, suggesting that, in order to justify a conviction of the defendant on trial of the crime of murder, it was necessary that he should have used the deadly weapon.

Judgment and order affirmed.