[No. 10,154.]

# THE PEOPLE v. TIBURCIO VASQUEZ.

CHALLENGE OF JUROR FOR ACTUAL BIAS.—If a juror is challenged for actual bias, and evidence is taken as to the existence of such bias, the decision of the Court on the question of fact, as to whether bias exists, is final, and is not subject to review on appeal.

CHARGE TO THE JURY WITH RESPECT TO EVIDENCE. — If testimony has been introduced to prove a certain matter, the Court may instruct the jury that testimony has been introduced tending to prove such matter, and such instruction is not an expression of the opinion of the Court as to the weight or effect of the evidence, nor as to what fact has been proved.

MURDER, WHILE ENGAGED IN ROBBERY.—If several are associated together in the commission of a robbery, and one of the associates does not intend to take life, and prohibits the others from taking life, yet if one of his associates takes life while they are engaged in the robbery, and in furtherance of the common purpose to rob, he is as much guilty of murder in the first degree as though his own hand had given the fatal blow.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The defendant, Vasquez, Theodore Moreno, Cleodovedo Chavez, and Romulo Gonzalez, were charged by the indictment, found in the County of Monterey, with the crime of murder, committed in said county on the 26th day of August, 1873, by shooting Lander Davidson. The place of trial was changed to the County of Santa Clara. The evidence on behalf of the prosecution tended to show that the defendant, Vasquez, Moreno, Chavez, Gonzalez, and one Anton Leiba agreed together to rob Snyder's Store, at Tres Pinos, Monterey County, and that, in pursuance of the agreement, they went to Tres Pinos on the evening of the 26th of August, 1873, on horseback, armed with pistols and Henry rifles. That Leiba and Gonzalez entered the store, where there were several people, and drew their pistols, and commanded the people to lie down, and after they had obeyed, Gonzalez tied their hands behind them. The remainder of the party were outside while this was being done, but when it was completed, Vasquez and Moreno came in. That, while the robbery was being committed,

Vasquez and some of the others were watching on the out-
side. That Gonzalez fired at a man outside who was run-
ning, and then Moreno shot him, and he fell. That back
of the store two men were standing in the open doorway
of a stable, who were ordered to go in, and shut the door,
and about the same time Vasquez fired at them with his
rifle, and Davidson was killed by the shot. Vasquez was
sworn on his own behalf, and admitted the conspiracy to
rob, and the robbery, but said that at his request it was
agreed that no murder was to be committed, and no one
was to be hurt, and that when he learned that a man was
shot by Moreno, that he protested against it, and earnestly
entreated that nothing of that kind should be done; that he
did not kill any one, and that it was Gonzalez who shot
through the stable door, and that he, Vasquez, then took
his gun away from him. The defendant was found guilty
of murder in the first degree, and sentenced to be hung.
He appealed from the judgment and from an order deny-
ing a new trial. The other facts are stated in the opinion.

*Collins & Burt, P. B. Tully* and *J. A. Moultrie,* for the
Appellant.

Section 1,127 Penal Code provides that, "In charging
the jury, the Court must state to them all matter of law
necessary for their information," but nowhere, either in the
Code or the decisions of the Courts of this State, is there
any precedent enabling the Court to encroach upon the
province of that "more popularly constituted tribunal," a
jury.

"It is a familiar doctrine that it is the special province
of the jury to judge of the weight and credibility of the
evidence as establishing or not a particular fact in issue."
(Bishop on Criminal Law, page 601, S. 979; *Barry* v. *The
State,* 10 Ga. 511; *Noland* v. *The State,* 19 Ohio, 131; *Atkins*
v. *The State,* 16 Ark. 568; *Bill* v. *People,* 14 Ill. 432; *New-
comb* v. *The State,* 37 Miss. 383.)

The authorities are equally clear that if the charge is
such as to interfere with, influence, or take from the jury
the full and free exercise of their especial right, the same is

error. (Bishop on Criminal Law, 2d ed. S. 979; *Butler* v. *The State*, 4 Md. 273; *McGuffie* v. *The State*, 17 Ga. 497.)

*John L. Love*, Attorney-General, for the People, argued that the instruction given by the Court did not take from the jury the province of exercising their own judgment as to the effect of the evidence.

By the Court, RHODES, J.:

Hunter, who was examined touching his qualifications as a juror, was challenged for actual bias, and the challenge was disallowed. No objections were taken to the admission or rejection of evidence, nor to any of the proceedings on the hearing of the challenge. The decision of the question of fact raised by the challenge is final, and is not subject to review on appeal. (*People* v. *Cotta, ante* p. 166.)

In charging the jury, the Court stated that "testimony has been introduced before you tending to show that the defendant Vasquez, and others, were engaged in the robbery of one Snyder, at Tres Pinos; and that while so engaged, and in furtherance of the common purpose of Vasquez and his associates to accomplish this robbery, the deceased was slain by the defendant, or by some of the parties with whom he was then engaged in the robbery." This is complained of by the defendant, as an expression of the opinion of the judge as to the effect of the evidence adduced on the trial. The instruction is not subject to that objection. It does not charge the jury with respect to the weight or effect of the evidence, nor as to what facts are thereby established. An instruction is not pertinent nor in any sense proper unless given in view of the evidence, as tending or not tending to prove some fact in issue; and it could not be erroneous for the Court to state to the jury correctly, as was done in this case, the state of the evidence in respect to which the instructions were given.

The tenth instruction is as follows: "It is no defense to a party associated with others in, and engaged in a robbery, that he did not propose or intend to take life in its perpe-

tration, or that he forbade his associates to kill, or that he disapproved or regretted that any person was thus slain by his associates. If the homicide in question was committed by one of his associates engaged in the robbery, in furtherance of their common purpose to rob, he is as accountable as though his own hand had intentionally given the fatal blow, and is guilty of murder in the first degree." Several of the preceding instructions relate to the same legal proposition. The instruction is in entire accordance with the provision of the statute, which declares that murder which is committed in the perpetration of, or attempt to perpetrate robbery, is murder in the first degree; and no argument is required to sustain it, as a clear and correct statement of the law on that point.

Judgment and order affirmed.

Mr. Justice Niles did not express an opinion.