[No. 10,392.]

## THE PEOPLE *v.* CHARLEY TAING.

REPORTER'S NOTES IN BILL OF EXCEPTIONS.—The Reporter's notes will not constitute a part of the bill of exceptions, unless embodied therein, or referred to in the bill so as to identify them.

CHALLENGE TO JUROR.—The disallowance of a challenge to a juror on the ground of actual bias is not a ground of exception.

EVIDENCE—THREATS PREVIOUS TO HOMICIDE.—In a prosecution for murder, evidence of previous threats made by the deceased against the defendant, and communicated to the defendant before the homicide, are not necessarily admissible, without regard to the evidence, or the facts relating to the homicide.

APPEAL from the District Court of the Tenth Judicial District, Colusa County.

The defendant was convicted of murder, and appealed from the judgment and from an order made denying his motion for a new trial. The other facts are stated in the opinion.

*T. J. Hart*, for Appellant.

*Attorney-General Hamilton*, for the Respondents.

By the COURT:

A document will not constitute a part of a bill of exceptions, unless it be incorporated therein, or be therein referred to in such manner as to identify it. The Reporter's notes are brought up with the record in this case; but as they are not even referred to in the bill of exceptions, they constitute no part thereof, and cannot be considered on this appeal.

The defendant challenged one of the jurors on the ground of actual bias; but the record does not show any exception to the decision of the Court in the admission or rejection of testimony upon the trial of the challenge. The Penal Code, sec. 1170, does not authorize an exception to be taken to a decision disallowing a challenge to a juror for actual bias. (See *People* v. *Cotta*, 49 Cal. 166; *People* v. *Vasquez*, 49 Cal. 560.)

The defendant also presents the point that the Court erred in refusing to permit him to prove that the deceased, a few days before the homicide, had stated to Ah Jim that he, the deceased, owed money to the defendant, and that if the defendant should speak to him again about it, he would kill him; and that the witness, prior to the homicide, had communicated the threat to the defendant. The record shows that a motion for a new trial was made upon that, among other grounds, and the bill of exceptions merely repeats the motion, but does not contain a statement of what transpired at the trial when the offer of evidence was made by the defendant, nor of the substance or effect of the evidence that had been given in the case, nor of any matter or thing going to show that the evidence was relevant or proper. Evidence of that character is not necessarily admissible in a prosecution for a homicide; for, as suggested by the Attorney-General, the homicide may have been committed by means of poi-

son, or by lying in wait, or while in the perpetration of arson, robbery, or burglary, when the evidence of previous threats would be irrelevant and immaterial. It cannot be determined, upon the record, that the Court erred in rejecting the offer of the defendant.

Judgment and order affirmed, and the cause remanded, with directions to the District Court to fix a day for carrying the judgment into execution.