| 65 | 107 |
| 83 | 381 |
| 65 | 107 |
| 87 | 120 |
| 65 | 107 |
| 109 | 259 |
| 65 | 107 |
| 113 | 285 |
| 65 | 107 |
| 123 | 417 |
| 65 | 107 |
| 144 | 253 |

[No. 10,870. In Bank. — March 17, 1884.]

## THE PEOPLE, RESPONDENT, *v.* WILLIAM RILEY, APPELLANT.

CRIMINAL LAW — SETTING ASIDE INFORMATION — TRANSCRIPTION OF REPORTER'S NOTES — JURISDICTION. — It is not essential to the jurisdiction of the court that the short-hand reporter's notes of the evidence, taken at the preliminary examination before the committing magistrate, be transcribed and filed prior to the proceeding by information.

ID. — APPEAL — CHALLENGE FOR BIAS. — The action of the trial court in overruling objections to a juror challenged for actual bias is not the subject of review on appeal.

ID. — SELECTING JURY. — In impaneling a jury in a criminal case twelve names must be drawn from the box, and the defendant must be allowed to examine the whole twelve before exercising his right of peremptory challenge as to any.

ID. — PEREMPTORY CHALLENGES — ROBBERY. — A defendant charged with robbery is entitled to but ten peremptory challenges.

ID. — INSTRUCTIONS. — Where a defendant is charged with and convicted of robbery, an erroneous instruction respecting the crime of larceny will not warrant a reversal when the court properly instructed the jury in regard to the crime of robbery.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. I. Mowry,* for Appellant.

*Attorney-General Marshall,* for Respondent.

MORRISON, C. J. — The defendant was informed against in the Superior Court of the city and county of San Francisco, and

on the trial was found guilty of the crime of robbery. On his appeal several errors were assigned, which we will briefly consider in their proper order.

*First*—It was claimed on motion to set aside the information, that the trial court had no jurisdiction, and this pretension is based on the ground that there were no such preliminary proceedings in the case as to warrant a prosecution by information. We think this point is not well taken. It appears that a preliminary examination was had before a committing magistrate, and that at such examination the evidence was all taken down by a short-hand reporter, in pursuance of an order of the court, but that the short-hand notes were not transcribed and filed with the court or clerk thereof. In our opinion such transcription was not necessary to the jurisdiction of the court. The substance of the requirements of the Constitution and statute was complied with. An examination was had, and an order committing the defendant was made. The defendant could have had a transcription of the short-hand notes if he had desired it, but he was not prejudiced in any *substantial right* by the failure of the short-hand reporter to write out the notes; and such transcription was not essential to the jurisdiction of the court. (Const. art. i. § 8.) The district attorney was not obliged to wait until the short-hand notes were written out and filed before proceeding by information. (Pen. Code, § 809, subd. 5.)

*Second*—The next alleged error relates to the action of the court in overruling defendant's objection to the juror Eastland, who was challenged for actual bias. Such a decision is not the subject of review on appeal, as has been frequently held by this court. (*People* v. *Cotta,* 49 Cal. 166 ; *People* v. *Vasquez,* 49 Cal. 560 ; *People* v. *Taing,* 53 Cal. 602.)

*Third*—The next objection raises a point frequently decided by this court, and fully settled, so far as judicial decisions can settle any question. The mode of selecting a jury in a criminal case was clearly stated in the case of *People* v. *Scoggins,* 37 Cal. 676, and has been followed in *People* v. *Russell,* 46 Cal. 121, and also in *People* v. *Iams,* 57 Cal. 125. We are satisfied with the principle enunciated in the foregoing cases.

*Fourth*—As to the number of peremptory challenges to which the defendant was entitled. He claimed that he had a right to

twenty, but the court restricted him to ten.   This was in accordance with the ruling of this court in *People* v. *Clough*, 59 Cal. 438, and to the ruling in that case we adhere.

*Fifth* — The last error relied upon which we will notice challenges the correctness of certain portions of the judge's charge to the jury.   It may be conceded, for the purpose of the argument, that there *was* error in the charge, so far as the same related to the crime of grand larceny, but the defendant was convicted of the ,crime of robbery, and what the court said about that crime is properly before this court.

The crime of robbery was defined by the court in the very language of the statute, and the objection to the charge is rather hypercritical than substantial.   There is no such inconsistency in the charge as would justify this court in interfering with the judgment below.   On the question of reasonable doubt the charge was strictly correct, and, in conclusion, we find no substantial error in the case.

Judgment and order affirmed.

MYRICK, J., THORNTON, J., SHARPSTEIN, J., McKINSTRY, J. and ROSS, J., concurred.