## PEOPLE v. BROWN and Another.

### No. 20,177; September 1, 1886.

#### 13 Pac. 222.

Jury—Challenge.—No Exception Lies to a Ruling denying a challenge to a juror for actual cause.

Evidence—Medical Expert—Person's Ability to Make Affidavit.—Upon trial of an indictment for preparing a false affidavit, held proper to ask medical experts whether the person making the affidavit, who was ill at the date thereof, was at the time able to make such a statement as appeared in the affidavit.

APPEAL from Superior Court, San Francisco.

Defendants were informed against, under section 134, Penal Code, for the crime of preparing a false affidavit, to be used on the hearing of a motion for new trial in the case of Sharon v. Sharon, then pending in superior court, San Francisco. They were convicted. Defendant Brown was a notary public, and the affiant, one Isabella Clark, was a patient in the almshouse of the city and county of San Francisco. The affidavit was prepared by an attorney here, and Brown was requested by the attorney to go to the almshouse, and get Mrs. Clark to sign and swear to it. Mrs. Weile (defendant) went with Brown. The question asked Dr. Geary is: "Was she [Mrs. Clark] at that time able to make such a statement of things past and present as appears in this affidavit?" To Dr. Ayer: "From your personal examination of her while living, and from your examination of her brain when she died, whether

in your opinion this woman, upon the 18th of May, 1885 [when the affidavit was made], could have made this statement of facts and dates as appears in this affidavit, or could have comprehended them, if questioned or if spoken to her or read to her?"

Tyler & Tyler for appellants; Attorney General for respondent.

By the COURT.—We have examined the points presented on behalf of the appellants, and we find no error in the rulings of the court below, nor in the instructions. The court did not err in denying the challenges to jurors. They were challenged for actual bias, and no exception is by law allowed on such ruling: Pen. Code, sec. 1170; People v. Cotta, 49 Cal. 166; People v. Vasquez, 49 Cal. 560; People v. Taing, 53 Cal. 602; People v. Riley, 65 Cal. 107, 3 Pac. 413. The court did not err in its ruling permitting the questions objected to to be put to Drs. Geary and Ayer. The court did not err in its ruling admitting in evidence the deposition of Sharon: People v. Cunningham, 66 Cal. 668, 4 Pac. 1144, 6 Pac. 703, 846. In the instructions given by the court we find no error. They fairly presented the law to the jury. There was no error in the instructions asked by defendants and refused.

Judgment and order affirmed.