[S. F. No. 2883.   Department Two.—July 18, 1903.]

## FRANCES BUELNA, Respondent, v. JOHN M. RYAN. Appellant.

BREACH OF CONTRACT TO MARRY—PLEADING—REFUSAL—READINESS TO MARRY—DATE OF BREACH.—As against a general demurrer, a complaint in an action for breach of contract to marry which alleges the refusal of the defendant to marry the plaintiff two days prior to the filing of the complaint, and his continuous refusal, up to the time of filing of the complaint, states a cause of action, though it only alleges readiness of the plaintiff to marry the defendant up to and including the date of breach; and does not allege such readiness thereafter. The plaintiff was not obliged to request the defendant to marry her after she had once done so and he had refused.

ID.—CAUSE OF ACTION—STATUTE OF LIMITATIONS.—The cause of action rests upon the breach of the contract to marry, and the fact that the contract was made more than two years prior to the breach is immaterial, as respects the statute of limitations, which could not commence to run until the cause of action accrued.

ID.—CAPACITY TO CONTRACT—DIVORCE—MARRIAGE FORBIDDEN FOR ONE YEAR.—The fact that the plaintiff had been divorced under the statute which forbade remarriage in this state within one year, did not incapacitate her to make a valid contract of marriage during the year, if the marriage was not to be performed within the year.

ID.—CONTINUOUS CONTRACT—RATIFICATION.—Where the contract to marry made within the year was continuous for two years prior to the alleged breach, there was a ratification of the contract to marry after the year, and the validity of the original contract cannot be assailed.

ID.—VALIDITY OF DIVORCE—JURISDICTION—SUFFICIENCY OF DECREE.— Without conceding that a decree of divorce must affirmatively show jurisdiction on its face, a decree which recites that all allegations of the complaint were sustained by testimony affirmatively shows jurisdiction, where the complaint avers a residence of the plaintiff in the state during her whole life, and in the county for eighteen months last past.

ID.—AMENDMENT OF COMPLAINT—DISCRETION.—The court had discretion to allow the plaintiff in the action for breach of contract to marry to amend her complaint; and no abuse of discretion appears where it was not so amended as to change its original form.

ID.—REFUSAL OF INSTRUCTIONS—ERROR NOT APPEARING.—The mere refusal of instructions does not show error where the record does not disclose the instructions given nor show that the instructions refused were not substantially embodied therein. The party claiming error must show it affirmatively.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Lindsay & Netherton, for Appellant.

Benjamin K. Knight, and Charles M. Cassin, for Respondent.

COOPER, C.—This action was brought to recover damages for breach of contract to marry. The case was tried with a jury, and a verdict rendered for plaintiff in the sum of seven hundred and fifty dollars, upon which judgment was entered. This appeal is from the judgment and order denying defendant's motion for a new trial.

1. It is claimed that the court erred in overruling the defendant's demurrer to the complaint. The complaint was filed August 11, 1900. The contract to marry is alleged to have been made on August 10, 1898, and the breach or refusal of defendant to marry the plaintiff is alleged to have occurred on the ninth day of August, 1900. The defect relied upon is, that the complaint alleges that plaintiff was at all times up to and including the ninth day of August, 1900, ready and willing to marry the defendant, and that it does not allege that she was ready and willing to marry defendant after August 9, 1900, up to the time of filing the complaint, August 11, 1900. The complaint was sufficient in the respect pointed out. The breach occurred on August 9, 1900, at which time it is alleged defendant refused to marry plaintiff, although plaintiff was ready and willing to marry the defendant. It is further alleged in the complaint that the defendant not only refused to marry the plaintiff on the ninth day of August, 1900, but that he continued to refuse up to the time of filing the complaint. When the defendant broke his promise the plaintiff had a cause of action. The breach occurred then and there. The plaintiff was not required to further request the defendant to marry her after she had once done so and he had refused. If the defendant had afterwards repented of his refusal, and before the complaint was filed had gone to plaintiff and asked her forgiveness, and

offered to carry out his contract, that might present a different question. But nothing of the kind seems to have occurred, for in the answer the defendants "admits that on the said ninth day of August, 1900, he refused to marry said plaintiff at any time, or ever, or at all, and that he still refuses so to do." Not only this, but the demurrer was general. It did not in any way point out the alleged defect in the complaint.

2. There is no merit in the contention that the cause of action was barred because not brought within two years after the contract was entered into. The cause of action arose by reason of the breach of the contract, and not by reason of the contract. The action was brought two days after the cause of action accrued. It could not have been brought before the breach.

3. It is claimed that the plaintiff was not capable of entering into a contract to marry in August, 1898, for the reason that she was divorced from her husband, Joe Buelna, on June 20, 1898, and that under the provisions of section 61 of the Civil Code a subsequent marriage is illegal and void when contracted by a divorced person within one year subsequent to the date of the decree of divorce. After the divorce was granted the plaintiff was no longer a married woman, and had the right to contract to marry and to marry outside the state. (*Estate of Wood*, 137 Cal. 130.) Under the section of the code cited, the plaintiff did not have the right to marry in this state until one year after the decree of divorce was entered, but she had the right to marry after the expiration of the year. If she had the right to marry at a certain time, she had the right before that time to agree to marry, provided the agreement was not to be consummated until the time. In other words, the plaintiff had the right to agree to do what the law gave her the right to do. The law gave her the right to marry after the year, and to agree to do so before the expiration thereof. The language of the code is: "A subsequent marriage contracted by any person . . . is illegal and void." It is the marriage that is declared illegal and void unless the decree has been "rendered at least one year prior to such subsequent marriage." Here there was no marriage, and the breach occurred when the parties had the right to

marry.  And the complaint alleges that the agreement to marry was continued from time to time up to the ninth day of August, 1900.  The plaintiff testified that the engagement lasted from August 9, 1898, until July, 1900, and continued all the time.  This was a ratification of the contract made in August, 1898, after the expiration of the year, and is a complete answer to the point contended for by defendant.

4. It is claimed that the plaintiff was a married woman at the time of the contract, and for this reason incapable of entering into the contract to marry.  The plaintiff, to prove that she was a single woman, introduced the judgment-roll in a divorce suit between herself and her former husband, rendered in the superior court of San Benito County on the twentieth day of June, 1898.  It is claimed that the decree of divorce is void on its face, and can be attacked collaterally for the reason that it does not show that the plaintiff had been a resident of the state for one year and of the county for three months at the time the action was commenced.  If it be conceded (which it is not) that the jurisdiction of the superior court must affirmatively appear in the decree, we think the decree answers the requirement.  The complaint alleges: "That plaintiff was born in the state of California over forty years ago, and has been a *bona fide* resident of said state all her life; that she is now and has been a *bona fide* resident of San Benito County in said state for the eighteen months last past."  The decree recites: "That all allegations of the complaint are sustained by testimony."  This affirmatively shows jurisdiction in the respects pointed out.

5. It is claimed that the court erred in permitting the plaintiff to amend her complaint.  Such matters are left largely to the discretion of the trial court.  It is only in cases where an abuse of such discretion plainly appears that this court will interfere.  Here there was not such abuse of discretion. But, aside from this, it has not been pointed out to us and upon examination we fail to find in the bill of exceptions, that the complaint was amended so as to change its original form.  It appears in the printed transcript that the original complaint contained the clause "and during said times between said last-mentioned dates has been renewed from time to time by said plaintiff and said defendant."

6. Finally, it is said the court erred in refusing to give two instructions requested by the defendant. Without passing upon the instructions, it is sufficient to say that the record does not contain the instructions which were given to the jury. For aught that appears, the substance of the requested instructions may have been given in other parts of the charge. It is incumbent upon the party claiming error to show it affirmatively.

It follows that the judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.