[Civ. No. 809.   Third Appellate District.—February 23, 1911.]

## JOHN A. PATTON, Respondent, v. LENUS J. KLEMMER, Appellant.

ACTION FOR DAMAGES FOR ASSAULT—DEFENSE—THREAT OF ASSAULT—
SELF-DEFENSE—SETTLEMENT OF DAMAGES—SUPPORT OF VERDICT.—
In an action to recover damages for an assault by defendant upon
the person of the plaintiff, where the evidence shows without con-
flict that defendant assaulted plaintiff to his serious and permanent
injury, without himself being assaulted, and upon the issues pre-
sented by the answer that plaintiff used vile language and threat-
ened to assault the defendant, and that defendant had reason to
fear an assault and acted in self-defense, and the cause of action
for damages was settled and paid for, the evidence was substan-
tially conflicting as to each issue so presented, and the verdict was
for the plaintiff for damages, it is held that, there being sufficient
evidence to support the verdict as to every issue, the appellate
court is powerless to interfere therewith.

ID.—REFUSAL OF REQUESTED INSTRUCTIONS—RECORD NOT SHOWING IN-
STRUCTIONS GIVEN.—Where the record shows the refusal by the
court of requested instructions, and merely recites the fact of in-
structions given by the court, without embodying them in the record,
it fails to show that the instructions refused were not substantially
embodied in those given; and in such a state of the record the
refusal of the trial court to give the requested instructions will not
be considered by this court.

APPEAL from a judgment of the Superior Court of Glenn
County, and from an order denying a new trial.   John F.
Ellison, Judge presiding.

The facts are stated in the opinion of the court.

Seth Millington, and W. T. Belieu, for Appellant.

F. H. Dam, for Respondent.

CHIPMAN, P. J.—This is an action to recover damages
for an assault by defendant upon the person of plaintiff.
The cause was tried by a jury and plaintiff had the verdict.
Defendant appeals from the judgment entered upon the ver-
dict and from the order denying his motion for a new trial.

There is abundant evidence of the assault and of its permanent and injurious effects upon plaintiff's physical condition and to some extent upon his mental faculties. Defendant does not now contend that he did not assault plaintiff; he alleged in his answer, and attempted to prove at the trial, that plaintiff insulted him, "and by language and immediate demonstrations of force threatened an assault upon defendant," and that "for his proper protection and defense, and for no other reason, used such force and means as was necessary, and no more, to repel the assault which he reasonably apprehended was imminent and about to be made upon him by plaintiff."

Defendant also alleged in his answer that he "delivered unto plaintiff certain sums of money, the same being for disputed rent, medical services, and all and singular the matters and things in controversy between plaintiff and defendant; that defendant (doubtless meaning plaintiff) accepted said payments in full satisfaction and discharge of all claims and demands whatsoever against defendant, and particularly of the demand set up in the complaint herein."

The evidence, without conflict, showed that defendant assaulted plaintiff without himself being assaulted. Upon the issue, presented by the answer, that plaintiff used vile language toward defendant and threatened on assault upon him, the evidence is conflicting, as was also the evidence upon the issue, presented by the answer, that plaintiff accepted payments from defendant in satisfaction of any demands arising out of the assault. These issues having been fairly resolved by the jury, and there having been evidence sufficient to justify their conclusion, this court is without power to interfere.

Defendant complains that certain three instructions, requested by him to be given the jury, were refused.

It appears from the record that instructions were given the jury by the court, but how many or upon what subjects, or upon what phases of the case, does not appear, for they are not in the record. All that the record shows is that the court refused to give the instructions requested by plaintiff.

It is well settled that the refusal of the trial court to give certain instructions will not be considered by this court where the record fails to give all the instructions submitted to the

jury, or does not show that the instructions refused were not substantially embodied in those given. (*Buelna* v. *Ryan,* 139 Cal. 630, 634, [73 Pac. 466].)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.