[Crim. No. 566. First Appellate District.—February 26, 1915.]

## THE PEOPLE, Respondent, v. CHRIS. TRAICHOFF, Appellant.

CRIMINAL LAW—MURDER—FIRST DEGREE.—To constitute murder of the first degree there need be no appreciable space of time between the intent to kill and the act of killing; it is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer; and if such is the case, the killing is murder in the first degree.

ID.—DELIBERATION OR PREMEDITATION—QUESTION OF FACT.—In such a case where it is conceded that the evidence showed the defendant killed the deceased without sufficient provocation and with malice, the question of whether or not the defendant acted with deliberation or premeditation in the act of killing was one of fact for the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion in arrest of judgment and a motion for a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, and D. J. Fitzsimmons, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged with the crime of murder and convicted of murder in the first degree with recommendation of life imprisonment, and sentenced accordingly. The appeal is from the judgment and from the order of the court denying the defendant's motions in arrest of judgment and for a new trial.

Defendant concedes that the evidence in the case shows that the defendant killed the deceased without sufficient provocation and with malice, but claims that there was no evidence to show premeditation, and hence asserts that a verdict of murder in the second degree is all that the evidence in this case will support.

The deceased was a married woman, whom defendant had met a short time prior to the homicide in Portland, Oregon, from whence he brought her to San Francisco, where they lived together until he shot her. One of the witnesses testified that the defendant stated to him that the reason he shot the deceased was that she was going to leave him, that he had spent about seven hundred dollars on her, and that she had left him before. A friend of the couple who was visiting them just prior to the shooting stated that they had had a quarrel over the defendant's refusal to get the deceased some needles; that the deceased swore at the defendant, stating that she was going to leave him, and proceeded to pack her trunk, whereupon the defendant said he would leave, too, opened his suit case and took out a revolver, whereupon the witness left the room. Just as he was closing the door he heard a shot. The autopsy surgeon testified that six bullets had been fired into the body of the deceased.

There need be no appreciable space of time between the intent to kill and the act of killing. It is only necessary that

the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer; and if such is the case, the killing is murder in the first degree, (*People* v. *Williams,* 43 Cal. 344; *People* v. *Pool,* 27 Cal. 585; *People* v. *Cotta,* 49 Cal. 166; *People* v. *Jamarillo,* 57 Cal. 111); and the question of whether or not the defendant in this case acted with deliberation or premeditation in the act of killing was under the circumstances just narrated clearly a question of fact for the jury.

The judgment and orders are affirmed.