[Crim. No. 533. Second Appellate District.—March 28, 1917.]

## THE PEOPLE, Respondent, v. JOSE GONZALES, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—DYING DECLARATIONS.—In a prosecution for the crime of murder, declarations made by the deceased immediately after being shot that he was done, that he was going to die, and that he thought he was dead, indicate a sense of impending death sufficient to render them, together with certain other statements made at the same time, admissible as dying declarations.

ID.—PREVIOUS THREATS—STRIKING OUT OF TESTIMONY—FOUNDATION NOT LAID.—In a prosecution for the crime of murder there is no error in granting a motion to strike out testimony of previous threats made by the deceased, where at the time the motion was granted, no testimony had been introduced of any overt act or attack upon the defendant by the deceased.

ID.—HOMICIDE—WHEN JUSTIFIABLE.—A homicide is not justifiable unless it is shown that the slayer was at the time of the killing in apparent imminent danger of losing his life, or of sustaining serious bodily injury, and previous threats, unaccompanied by some hostile act, do not afford such justification.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

W. C. Dorris, and Henry R. Holsinger, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Appellant was convicted of the crime of murder in the first degree, and, in accordance with the verdict rendered, sentenced to imprisonment for life.

Deceased, Abraham Morales, with his wife and others, among whom was appellant, attended a gathering at the house of a neighbor on the evening of August 13, 1916. About 9 o'clock, P. M., defendant requested deceased to step out of the house with him, ostensibly for the purpose of a private conversation; whereupon deceased left his wife and went out-

side with defendant. A few minutes thereafter a pistol shot was heard and Morales was found a short distance from the house, suffering from a bullet wound which caused his death three days later.

The court permitted the prosecution to introduce statements made by deceased immediately after being shot. Their reception in evidence was objected to upon the ground that they were not made under a sense of impending death, and therefore inadmissible as dying declarations. Touching the question, deceased, when found lying upon the ground, among other things, said: "He [referring to defendant] took advantage of me; run me out friendly and now done me. I am done." "Joe [referring to defendant] took advantage of me; got me out there friendly and shot me. Now I am done." "I am done; lift me up." "I am in a dying condition; I am sure I am going to die." "He took advantage of me. I think he killed me all right; I think I am dead." The wife of deceased testified: "He said he was going to die, and that he was going to leave me very far from my parents; that he [Gonzales] had not spoken to him as a man; that if he had spoken to him as a man, he would have defended himself." In *People* v. *Cord,* 157 Cal. 568, [108 Pac. 514], it is said: "Where a person has been fatally wounded, is in sore distress therefrom, and believes that he will not recover and is soon about to die, his statement made in this belief relating to the cause of his injury is admissible, if it appears that he subsequently died from the direct effects of the wound." Measured by this rule, the admission of the statements so made by deceased did not constitute error.

Testimony was offered to the effect that some three months prior to the homicide, an altercation occurred between defendant and deceased, at which time blows were exchanged, and upon being separated, the deceased said: "Later I will settle this"; and, referring to himself and defendant, said that "they would settle it in a very short time." Objection was made to this line of testimony upon the ground that no foundation was laid for its introduction, since there was no evidence of an overt act or attack being made upon defendant by the deceased. Thereupon counsel for defendant said: "If I can't connect this up, I will consent that it be stricken out." Thereupon the evidence was admitted, and upon the conclusion of the testimony of the witness the district attor-

ney moved to strike out the testimony upon the same ground upon which he had objected to its reception. The motion was granted. In *People* v. *Campbell,* 59 Cal. 247, [43 Am. Rep. 257], it is said: "If A threatens the life of B, this fact will not of itself justify B in killing A. There must be some act on the part of the person making the threat, from which it appears that there is real or apparent danger of the execution of the threat." When this evidence was tendered there was no testimony whatsoever tending to show any act of aggression committed by deceased at the time of the homicide indicating that he intended to attack defendant. Since there was neither claim nor proof of a hostile demonstration by deceased at the time of the homicide, the fact that he had theretofore made threats against defendant, could not justify the latter in killing him. The law does not justify a homicide, unless it is shown that the slayer was at the time of the killing in apparent imminent danger of losing his life, or of sustaining serious bodily injury; and previous threats, unaccompanied by some hostile act, do not afford such justification. "Previous threats alone, unless coupled at the time with an apparent design then and there to carry them into effect, will not justify a deadly assault by the other party." (*People* v. *Scoggins,* 37 Cal. 683.) As shown by the record, the objection urged to the introduction of the evidence and the argument used in support of the motion to strike out, as well as the language used by the court in granting the motion, were all calculated to acquaint defendant's counsel with the ground upon which the ruling was made. Nevertheless, he did not offer to reintroduce the evidence, after defendant's testimony was received, to the effect that after the deceased, at defendant's request, accompanied him outside the house, deceased "got mad when I told him about the paper, . . . (and) came after me and struck me three or four times and tore my shirt. It was then that I drawed the gun, and he took hold of it and as I pulled the gun back, why the gun went off, and that was all." Assuming the act of deceased to have been such as would have justified defendant in apprehending danger of great bodily harm, there was no evidence of it when the ruling so complained of was made, and no offer to make such showing preceding the ruling of the court, when it must have been apparent to counsel that for want thereof the court deemed it inadmissible. Under

the circumstances shown, it cannot be said the court erred in granting the motion to strike out.

The judgment and order from which the appeals are prosecuted are affirmed.

Conrey, P. J., and James, J., concurred.