(94 South. 725)

COOKE v. WILBANKS. (7 Div. 320.)

(Supreme Court of Alabama. Nov. 30, 1922.)

Assault and battery ☜30—Exclusion of evidence of communicated threats held proper.

In an action by one who was shot against his aggressor for damages for assault and battery, in absence of evidence of an overt act on the part of the assaulted party such as would authorize acts of self-defense, exclusion of evidence of threats made by him against his aggressor and communicated to the aggressor was proper.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by J. G. Wilbanks against W. P. Cooke. From judgment for plaintiff, defendant appeals. Affirmed.

Jerone Edmundson, of Birmingham, for appellant.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

GARDNER, J. Appellant has prosecuted this appeal from a judgment recovered against him by appellee in an action for damages for an assault and battery.

The defendant in July, 1920, in the town of Odenville, Ala., shot the plaintiff with a shotgun, and this suit is to recover damages thereby sustained. The defendant was also prosecuted criminally for an assault with intent to murder; his trial resulting in a conviction, and the judgment of conviction was affirmed by the Court of Appeals. See William P. Cooke v. State, 93 South. 86.[1] The judgment of affirmance by the Court of Appeals was duly reviewed in this court upon petition for certiorari, and the questions presented thereby were here determined upon their merits adversely to petitioner, and the petition was denied. See Ex parte William

P. Cooke v. State, ante, p. 100, 93 South. 824.

The only questions argued upon this appeal relate to the action of the trial court in sustaining objections to evidence of threats made by plaintiff against defendant, and communicated to the latter. The Court of Appeals held this testimony inadmissible upon the theory there was no proof of an overt act on the part of the assaulted party, such as would justify the defendant in the exercise of the right of self-defense. The facts are sufficiently discussed in the opinion rendered on that appeal and the authorities therein cited, and it is not questioned that the evidence in the record on this appeal is substantially the same as upon the former appeal.

Independent thereof, however, this court has given the evidence in this record on the present appeal careful consideration, and the conclusion has been reached that the trial court correctly held there was no proof of an overt act on the part of the assaulted party, so as to make admissible the evidence as to threats.

The judgment is therefore here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

(94 South. 837)

Ex parte BIRMINGHAM IRON & DEVELOPMENT CO. (6 Div. 705.)

(Supreme Court of Alabama. Nov. 30, 1922.)

Certiorari to Court of Appeals.

Petition of the Birmingham Iron & Development Company for certiorari, to review a judgment (94 South. 835), of the Court of Appeals. Certiorari denied.

Rudulph & Smith, of Birmingham, for petitioner.

Nesbit & Sadler, of Birmingham, opposed.

PER CURIAM. Petition of Birmingham Iron & Development Company for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Birmingham Iron & Development Co. v. Mrs. David Hood, 94 South. 835.

Certiorari denied.

All the Justices concur, except SAYRE, J., who dissents.