[Civ. No. 6060.  First Appellate District, Division Two.—December 1, 1927.]

CLEMENT VANONI, Respondent, v. W. F. ROOD, Appellant.

W. F. Cowan and A. W. Hollingsworth for Appellant.

J. L. Royle for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover damages caused by an assault on him by the defendant. The defendant appeared and answered and a trial was had before the trial court sitting without a jury. The trial court made its findings and caused a judgment thereon

to be entered in favor of the plaintiff. The defendant made a motion for a new trial, the motion was denied and he has appealed from the judgment under section 953a of the Code of Civil Procedure.

In his answer the defendant denied the material allegations of the complaint and pleaded affirmatively his justification for the alleged assault. ■ On the issue of justification the trial court made several findings against the defendant and the defendant attacks those findings, claiming that they are not supported by the evidence. The plaintiff replies that the evidence was conflicting and that there was substantial evidence supporting all of the findings made by the trial court. To that reply the defendant answers, that since the repeal of section 1835 of the Code of Civil Procedure the trial courts must be governed by section 1826 and section 2061 of the Code of Civil Procedure. That answer is quite interesting and may be of much importance in a case which supports it; but we think the case at bar does not present facts which call for a ruling on the contention. In his opening brief the defendant says: "The appellant has not at any time contended that he did not strike the respondent with his fist or that the respondent did not suffer the injuries complained of as a result of the blow, and the appellant concedes that he struck the first blow, but urges that he was justified in his own defense according to the circumstances as they appeared to him at the time, and as they would have appeared to a reasonable man under the circumstances."

It becomes necessary, therefore, to recite the "circumstances" as shown to the trial court. Miss Helen Stockham resides at Geyserville. The defendant W. F. Rood operates a general merchandise store at that place and there is some evidence that he is "going with" Miss Stockham and employs her as his bookkeeper and also employs other members of her family. Clement Vanoni is a young man twenty-two years of age who, since boyhood, has been acquainted with Miss Stockham and there is some evidence that he is also "going with" her. Some time prior to the tenth day of July, 1924, Miss Stockham and a girl friend, together with Clement Vanoni and his friend Veral Gore, had taken an automobile ride. On that ride something occurred which prompted Miss Stockham to report to the

defendant that she would not have anything more to do with that "bunch" because the plaintiff and his associate had used vulgar language. Thereupon the defendant took the position, when talking to his neighbors, that Vanoni and Gore should apologize to Miss Stockham. To many persons in Geyserville he so stated. Thereafter Vanoni and Gore heard of the defendant's statement and they took the position that the defendant should apologize to them or he would be hurt or words to that effect. They so stated to different persons in Geyserville and some of those persons reported the statements to the defendant. Various conversations were had until on the tenth day of July, 1924, at about 9 o'clock in the morning, Vanoni and Gore went to the defendant's store and held a conversation with the defendant. When they stated to the defendant what reports they had heard the defendant replied that he had not made the statements charged to him. Thereupon he stated to the plaintiff and his associate, Gore, that they had used vulgar language in the presence of Miss Stockham and that they should apologize to her. Thereupon all three turned in their tracks and stepped to another part of the store where she was engaged in her work and discussed with her what had occurred on the automobile ride and what was said. That conversation having come to an end the defendant said to the plaintiff and his associate, "I heard around town that you were coming in to punch my nose—is that right?" The plaintiff replied, "I believe that is right." Gore said, "Yes, it's a damn good place for it." Almost immediately following the conversation just delineated the defendant struck the first blow and knocked Vanoni down. The plaintiff and his associate Gore testified that before that blow was struck neither one had made any move or gesture indicating any present intention of striking or injuring the defendant. The defendant and his employee Miss Stockham testified that the plaintiff stood in front of the defendant with his fist clenched and was quarreling with the defendant. There was evidence of threats made by Vanoni and Gore against the defendant and that some of those threats had been communicated to the defendant. Before those threats could be used in evidence against the party making them it has been held in this state, in homicide cases, that there should be evidence of the commission of

some overt act indicating a present intention of such party to carry his threats into execution. (*People* v. *Wright,* 45 Cal. 260; *People* v. *Taing,* 53 Cal. 602, 603; *People* v. *Campbell,* 59 Cal. 243, 247 [43 Am. Rep. 257]; *People* v. *Westlake,* 62 Cal. 303, 305; *People* v. *Gonzales,* 33 Cal. App. 340, 342 [164 Pac. 1131].) No decision of this state has been cited to us which holds that the same rule applies in a criminal or civil action based on a simple assault. The authorities in other jurisdictions, however, are to that effect. (5 C. J. 683, sec. 126; *Stockham* v. *Malcolm,* 111 Md. 615 [19 Ann. Cas. 759, 74 Atl. 569, 572]; *Cooke* v. *State,* 18 Ala. App. 416 [93 South. 86, 88]; *Cooke* v. *Wilbanks,* 208 Ala. 486 [94 South. 725].) The case last cited is the civil action and the case preceding it is the criminal action growing out of one and the same state of facts. In the case at bar the trial court saw all of the actors, heard all of the witnesses, saw the manner in which each testified, and had a full opportunity to determine on which side right and justice should prevail. It is clear that the record is such that much could be said in favor of the contention of the plaintiff that the assault was a cowardly assault by the defendant, through jealousy, on a young boy who was chiefly guilty of talking too much, and that the assault was made at a time when the defendant was not at all in danger. It is equally clear that much could be said to the effect that the plaintiff and his associate entered the castle of the defendant for the purpose of quarreling with him and in that place did quarrel with him and assault him. However, it is equally clear that by no means may it properly be said that the evidence was all one way and that it was against the findings made by the trial court on the issue of justification. (*Patton* v. *Klemmer,* 15 Cal. App. 459 [115 Pac. 62].)

In moving for a new trial the defendant presented affidavits showing or tending to show newly discovered evidence. That evidence consisted of other threats made to other persons at or about the time of the threats hereinabove mentioned. The evidence was cumulative. Furthermore, the reply affidavits brought forward by the plaintiff rendered it quite doubtful whether the newly discovered evidence could have been produced if a new trial had been

granted. No error appears to have been committed by the trial court in denying the motion.

The judgment appealed from is affirmed.

Nourse, J., and Koford, P. J., concurred.