## GREENBACK v. STEWART.

No. 24816. Jan. 14. 1936

Commons & Chandler, for plaintiff in error.

Chas. R. Weaver, for defendant in error.

McNEILL, C. J. This is an action to recover damages for breach of contract to marry.

Plaintiff alleged and contends that the defendant, while he was divorced but before the period of six months from the date of his decree of divorcement, promised to marry her after the expiration of six months from his decree of divorce. The defendant's sole contention is that he was ineligible to marry plaintiff within said period of six months and that the agreement, even though entered into, which he denies, was not a valid contract of marriage and was against public policy. The jury awarded plaintiff damages in the sum of $1,000.

Section 674, O. S. 1931, provides that it shall be unlawful in any event for either party to a divorce suit to marry any other person within six months from the date of decree of divorcement, and section 676, O. S. 1931, provides that the decree of divorce shall not become absolute and take effect until the expiration of six months from the time that the judgment was rendered. Our statutes do not prohibit either party to a divorce proceeding, after the divorce has been granted, from entering into an agreement to marry. The defendant had the right to remarry at the expiration of the restrictive period of six months from the decree of divorcement, and there was no violation of the law when defendant agreed to do that which the law authorizes him to do.

Keezer on Marriage and Divorce (2d Ed.) page 14, announces the following rule:

"Where a statute fixed the time after a decree of divorce. before which the parties may not marry, a contract to marry within such time which is to be performed after it has expired, is not invalid."

See Schouler on Marriage, Divorce. Separation and Domestic Relations (6th Ed.) vol. 2, sec. 1287; Buelna v. Ryan, 139 Cal. 630. 73 P 466; Morgan v. Muench, 181 Iowa, 719, 156 N. W. 819; Cooper v. Bower, 78 Kan. 156, 96 P. 59; Id., 78 Kan. 164, 96 P. 794: Leininger Lumber Co. v. Dewey, 86 Neb. 659, 126 N. W. 87. 21 Ann. Cas. 471.

The jury, by its general verdict, found that the agreement to marry was entered into between plaintiff and defendant. That fact is conclusive on this court. We find no prejudicial error.

Judgment affirmed.

WELCH. PHELPS, CORN, and GIBSON, JJ., concur.